Present:  All the Justices

CITY OF VIRGINIA BEACH

OPINION BY JUSTICE A. CHRISTIAN COMPTON

v.  Record No. 971746                    April 17, 1998

GIANT SQUARE SHOPPING
CENTER COMPANY

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Thomas S. Shadrick, Judge

The main appellate issue in this eminent domain case is whether the trial court abused its discretion in refusing to strike for cause a prospective commissioner.  An additional issue involves refusal of a proposed instruction.

Appellant City of Virginia Beach instituted in 1994 eminent domain proceedings against two parcels of land owned by appellee Giant Square Shopping Center Company, a general partnership.  The City took the property in connection with the widening of Independence Boulevard adjacent to the appellee's shopping center.  The two actions were consolidated.

During the April 1997 trial, the court denied the City's motion to strike for cause prospective commissioner George R. C. McGuire.  At the conclusion of the evidence, the court refused to give proposed instruction B, tendered by the City.  Following deliberations, the commissioners filed a report fixing the value of the land taken at $129,700 and the damage to the residue at $335,000.  After overruling the City's exceptions and denying its

motion for a new trial, the trial court confirmed the report in a May 1997 judgment order, from which we awarded the City this appeal. The City assigns error to the seating of McGuire and to the refusal of the instruction.

The facts are undisputed. The partnership (hereinafter, the landowners) consisted of a trust and six individuals, including D. L. McKnight. Attorney Grover C. Wright, Jr., represented the landowners at trial.

During voir dire, the trial court asked the prospective commissioners as a group the following two questions in succession: "Do any of you have any business associations or are you in any joint ventures or business ventures with any of the owners of this property? Have any of you worked in any capacity with any of these landowners?" McGuire responded, "I've used Mr. McKnight as an appraiser."

Later, the court asked the group, "Are any of you acquainted with any of the lawyers involved in this case?" McGuire responded, "Mr. Wright is my attorney, and I know [the City's attorney], and I don't think there is anything that would affect my decision." The court then stated: "Mr. McGuire I believe said that he has been a client of Mr. Wright. Have any of the rest of you ever been a client of Mr. Wright?" The court immediately asked eight additional questions in succession, the first of which was: "Anybody currently

a client of Mr. Wright?" McGuire did not respond to any of these questions.

Next, the court asked: "Have you ever had any of your property acquired by the city?" McGuire responded: "We had some negotiations with the city and they acquired some land which they paid for." To the court's question: "Would that experience affect your ability to be fair and impartial to both sides in this case," McGuire answered: "No, sir."

At this point during the voir dire, the court granted the City's motion for individual examination of the prospective commissioners out of the presence of the others. Then, the City's attorney called McGuire for "follow-up questions." During examination by the City, McGuire said that his earlier reference to prior "negotiations" with the City actually entailed "negotiations followed by a purchase" and "a condemnation trial" involving land owned by "Indian River Associates," a partnership in which McGuire had a one-third interest. According to McGuire, attorney Wright represented that partnership at trial, held "[t]wo years, three years" prior, and "[m]y appraiser was Mr. McKnight." McGuire stated he sat in the courtroom as the representative of the partnership during the "entire" trial of the prior case. At the conclusion of his interrogation, McGuire answered affirmatively the court's question whether he "could be fair and impartial to both sides in this case."

As noted, the court denied the City's request to strike McGuire for cause. He served as one of the five commissioners. McKnight, whose interest in the Giant Square partnership was 12 ½ percent, testified as an appraiser for the landowners.

On appeal, the City argues "McGuire should have been struck for cause from the panel of commissioners because of his previous, close, relationship with the landowner and its counsel in nearly identical circumstances." The landowners contend the "trial court in the instant matter was correct not to disqualify Dr. McGuire automatically. The correct procedure was to conduct a voir dire examination and assess from his demeanor and answers to questions posed whether he could serve impartially. Having done so, the trial court was well within the bounds of its discretion when it concluded that Dr. McGuire was unbiased and impartial." We disagree with the landowners.

The principles applicable are settled. Code § 25-46.20 provides that when, as here, the issue of just compensation is to be determined by a commission, "disinterested freeholders" shall act as commissioners. Discussing the disqualification of condemnation commissioners for cause, we have said the maintenance of public confidence in the integrity of commission reports is vital. "[S]uch reports should be kept free from the suspicion that the commissioners may have been improperly influenced." May v. Crockett, 202 Va. 438, 440, 117 S.E.2d 648, 649 (1961). Accord

Commonwealth Transp. Comm'r v. DuVal, 238 Va. 679, 683, 385 S.E.2d 605, 607 (1989).  The eminent domain statutes, designed to implement constitutional mandates, "must be administered in a manner which promotes confidence in the integrity of the process."  State Highway and Transp. Comm'r v. Dennison, 231 Va. 239, 242, 343 S.E.2d 324, 326 (1986).

However, the trial court is given discretionary authority to decide whether a prospective commissioner should be stricken for cause, and the court's judgment on this issue will not be reversed on appeal unless there has been an abuse of discretion. Commonwealth Transp. Comm'r v. Chadwell, 254 Va. 302, 305-06, 491 S.E.2d 723, 725 (1997).

Considering all the circumstances of this case, we hold the trial court abused its discretion in refusing to dismiss McGuire from the panel for cause.  First, the record shows that, at the time of trial, McGuire was a client of the landowners' counsel:  "Mr. Wright is my attorney."  The trial court obviously misunderstood that response as shown by its statement:  "Mr. McGuire I believe said that he has been a client of Mr. Wright."

We have not overlooked the fact that McGuire subsequently did not respond to any of the court's set of eight questions, the first of which was:  "Anybody currently a client of Mr. Wright?" Nevertheless, McGuire's positive, affirmative response, "Mr. Wright

is my attorney," must be accepted as the truth when measured against mere silence that tends to contradict the stated fact.

Second, in the present case, landowner McKnight served as the landowners' appraiser with McGuire sitting as a commissioner. In the prior condemnation case, McKnight served as the appraiser for landowner McGuire, who was the landowners' designated representative sitting at counsel table. In these similar cases tried two or three years apart, McGuire has moved from counsel table in the prior case to the commissioners' box in the present case to sit in judgment when his former hired appraiser is the present appraiser and one of the parties litigant. This scenario was forecast by the City during voir dire and called to the trial court's attention.

Under these circumstances, it is extremely unlikely the public would have confidence in the integrity of the process when a commissioner has the identity of interests demonstrated by this prospective commissioner. This is true even though, as the record shows, the commissioner is a "respected member of the community" and "known to be a man of integrity," who may be determined to discharge his duties in a forthright and unbiased manner.

Thus, the trial court committed reversible error in refusing to strike McGuire for cause. Because the case will be remanded, we shall address the other error assigned should the issue arise upon retrial.

The landowners presented evidence about the value of a portion of the shopping center land as an outparcel to be used for a restaurant. They asserted that this portion was suitable for separate development before the take, but that the City's widening project had eliminated this development potential by reducing the area available for shopping center parking.

Refused instruction B, tendered by the City, was based on principles relating to compensability of damages attributed to frustration of an owner's plans for development. See State Highway and Transp. Comm'r v. Lanier Farm, Inc., 233 Va. 506, 510-11, 357 S.E.2d 531, 533-34 (1987). We reject the City's contention the trial court erred in refusing the instruction. The subject was covered adequately in granted instructions 8 and 11.

Accordingly, the judgment below will be affirmed in part and reversed in part, and the case will be remanded for a new trial.

Affirmed in part,
reversed in part,
and remanded.