JUSTICE KOONTZ,
with whom JUSTICE HASSELL joins, dissenting.
I respectfully dissent.
“It is axiomatic that an accused, when placed upon trial for his life or liberty, is to have thrown around him every safeguard known to the law, in order that he may be afforded a fair and impartial trial.” Brown v. Commonwealth, 138 Va. 807, 816, 122 S.E. 421, 424 (1924). The right to a fair and impartial trial “lies at the very basis of organized society and confidence in our judicial system.” Temple v. Moses, 175 Va. 320, 336, 8 S.E.2d 262, 268 (1940); see also Cantrell v. Crews, 259 Va. 47, 50-51, 523 S.E.2d 502, 503-04 (2000).
Those trained in the law and rightfully possessing unfaltering confidence in our judicial system to afford a fair trial to a defendant, even under the unusual circumstances of this case, will understand *822 the majority’s opinion. I have no doubt, however, that those trained in the law would not knowingly choose to be tried under the same circumstances as the defendant. The line between a mere potential conflict of interest and an actual conflict here is too thin and subtle; most defendants, if not all, would seek new counsel. Those not trained in the law would be even more inclined to do so. Nevertheless, I cannot join the majority opinion because, in my view, the facts of this case clearly represent a circumstance calculated to undermine society’s confidence in our judicial system.
The Commonwealth appointed Haskins as Turner’s counsel. Fourteen days before trial, Haskins applied for employment with the Commonwealth’s Attorney who was prosecuting Turner. Haskins knew that his application was under consideration by the Commonwealth’s Attorney during Turner’s trial. Nevertheless, Haskins made no disclosure of these circumstances to Turner until after the trial and before Turner was sentenced. Thus, Haskins denied Turner the opportunity to seek new counsel if he had so desired. No defendant should unknowingly be tried under such circumstances.
Undoubtedly, it would be incomprehensible to the public that a defendant’s right to a fair trial was not seriously compromised in a case, such as here, where the Commonwealth appoints an attorney to represent the defendant and during the trial that attorney is actively seeking employment with the prosecuting attorney. Public confidence in the judicial system rests, at least in part, on the proposition that one’s attorney has undivided loyalty. Even the appearance of a conflict of interest undermines that confidence. In short, the present case, in my view, is a “textbook” example of what should not be permitted regardless of how effectively the court-appointed attorney may represent the defendant.
Accordingly, I would hold as a matter of law that Turner was denied his right to a fair trial and that the trial court erred in not granting him a new trial.