## CIRCUIT COURT OF ROCKINGHAM COUNTY

Linda Goodloe

v.

Ron E. Davis

August 18, 2000

Case No. (Law) CL99-11623

BY JUDGE JOHN J. MCGRATH, JR.

This case is currently before this Court on Plaintiff's Motion for Summary Judgment as a Matter of Law and/or Motion to Set Aside the Verdict and a new trial. Plaintiff bases his motion on three grounds: (1) The Court erred in ruling that Plaintiff could not question four members of the jury who indicated they would have problems awarding damages for pain and suffering, (2) The Court erred in failing to strike defendant's evidence and enter summary judgment in favor of the Plaintiff on the issue of negligence and proximate cause, and (3) the jury verdict was contrary to the law and evidence. The relevant facts of this case follow.

Plaintiff filed a Motion for Judgment to recover damages she allegedly sustained as a result of an automobile accident in which she and Defendant were involved. During the voir dire of the case, the following exchange took place:

MR. RITCHIE: (to the jury panel) In Virginia, you can bring a suit for pain and suffering, frustration, mental anguish, and pain that a person may suffer after the accident, may suffer in the future. Some people don't like that. Does anyone on this panel have a feeling about awarding money damages for pain, frustration, for emotional distress?

JURY PANEL: Hands raised.

MR. RITCHIE: Okay, let's start with you. Your name?

JUROR: Mike.

MR. RITCHIE: And how do you feel?

MR. RIGGENBACH: Objection about the feeling. The question is whether his opinion would affect their ability to be fair and impartial in deciding the evidence based upon the law.

MR. RITCHIE: What is your name, sir?

JUROR: Michael Roderick.

THE COURT: Just ask if his feelings would be affecting his ability to fairly and impartially judge the case based on —

MR. RITCHIE: Your Honor, I would like to inquire slightly differently than that. I would like to know what his feelings about the issue are so I can follow up with that question, but I would like to —

THE COURT: Let's move on very briefly.

MR. RITCHIE: What point of view do you have in terms of whether damages for —

JUROR: I think awarding for the wrong reason, Judge.

MR. RITCHIE: And why would that influence your ability if the Court instructed you, say, as part of the overall damages that the jury should consider; would that feeling interfere with your ability to render a verdict in this case?

JUROR: If this is separate from damages awarded for medical cost and so forth, then, yes, it would.

MR. RITCHIE: You're Mike Roderick?

JUROR: Yes, sir.

MR. RITCHIE: That was someone else. Your name?

JUROR: Therese Hilbert. I'm just not sure how you could prove that. That would be my problem, trying to be sure that someone could prove that.

MR. RIGGENBACH: Judge, it's precisely this type of philosophical debate that makes these types of question inadmissible.

THE COURT: Let me ask. Ladies and gentlemen, irrespective of what your own feelings may be about whether people should or should not be able to recover, whether it's right or wrong for them to recover, are any of you unable to follow the instructions of law that I will give you as to what the law is in Virginia, concerning what types of damages people are able to recover for? So all of you will be able to follow the instructions that I give you, and apply them to the facts in this case, as to what the plaintiff, if the various facts are proved, would be able to recover? Fine.

MR. RITCHIE: Judge, I want to take exception to the Court's ruling by not allowing me to conduct a voir dire with respect to this issue.

THE COURT: Mr. Ritchie, you've been able to identify the people that raised their hands, that gives you the information you need for exercising your strikes.

Transcript, 7-9. Subsequently, during a bench conference, Plaintiff's Counsel, Mr. Ritchie, requested the Court strike three jurors, including Mike Roderick, for cause as a result of the forgoing questioning. The Court denied the Plaintiff's motions, the trial commenced, and a verdict was returned for the Defendant.

The Virginia Supreme Court recently stated that "the right to a fair and impartial trial in a civil case is as fundamental as it is in a criminal case. The civil courts constantly strive to protect this right. It lies at the very basis of organized society and confidence in our judicial system." *Cantrell v. Crews*, 259 Va. 47 (2000) (quoting *Temple v. Moses*, 175 Va. 320, 336 (1940)). Throughout the years, the court has addressed the issue of voir dire in both civil and criminal cases. Their emphasis, however, has been on the criminal side of the court, in an effort to ensure defendants are not deprived of their due process rights guaranteed under the Constitution. *See LeVasseur v.*

*Commonwealth,* 225 Va. 564 (1983) (stating that counsel must be allowed to conduct voir dire by questioning jurors regarding relationship, interest, opinion, or prejudice); *Martin v. Commonwealth,* 221 Va. 436 (1980) (stating that jurors who indicate that they will not apply the correct standard of proof shall be stricken for cause). The Supreme Court has found that when a judge uses leading questions that suggest a desired answer in voir dire, it may taint the reliability of the juror's response. *See McGill v. Commonwealth,* 10 Va. App. 237, 242 (1990); *Griffin v. Commonwealth,* 19 Va. App. 619 (1995).

Although the same general principles would apply in a civil case, restrictions including the limitation placed on "rehabilitation," it would also appear that the principles should not be as stringently applied in civil cases. With the many cases filed each day for personal injuries, judicial economy is of great concern to all courts. Prohibiting a trial judge from asking any leading questions in voir dire would result in prolonged jury trials and backed up dockets in exchange for a party's right to delve into every thought and opinion that in all reality will not affect a juror's decision in any given case.

In *voir dire,* the trial judge needs to look to the "totality of the circumstances" and determine if the jury panel members are indeed fair and impartial and stand indifferent to the cause. In a personal injury case, such as the one currently before this Court, when a Plaintiff's attorney asks potential jurors if anyone has problems giving money for pain and suffering without qualifying the statement or giving the jury any reason to believe this practice is actually allowed by law, the initial answers given by the panel members should not be used to disqualify them automatically from service. In a case such as this, when an attorney asks such an open-ended question, it is within the trial judge's discretion as to how to proceed with voir dire. If the judge so chooses, he or she should be allowed to expand upon the question and explain to the jury what the law is and then ask if they can follow it. The threshold issue for juror disqualification is not whether a juror has a problem giving money for pain and suffering, but whether or not the juror can actually follow the law as given to him or her by the trial judge. When the attorney fails to ask the question correctly, the trial judge is allowed to qualify the question and then receive the responses from the jury. That being said, in the case at hand, Plaintiff's attorney did ask one juror, Mike Roderick, the appropriate question. Specifically, Mr. Ritchie asked "[I]f The Court instructed you, say, as part of the overall damages that the jury should consider, would that feeling interfere with your ability to render a verdict in this case?" To which Mr. Roderick answered "If this is separate from damages awarded for medical cost and so forth, then, yes, it would." Tr. 8. After this question and further discussion and questions for the jury, the court then asked all of the jurors as a whole whether

"any of you are unable to follow the instructions of law that I will give you as to what the law is in Virginia, concerning what types of damages people are able to recover for?" When none of the jurors responded that he or she would be unable to do so, the Court denied Plaintiff's motion to exclude certain jurors. Although this question by the Court was an appropriate way to qualify the questions asked by Plaintiff's counsel for the majority of the jury, it was not appropriate for Roderick, since he had already answered that he could not follow the law in this case. See *e.g., Shanklin v. Commonwealth* (Va. App. April 18, 2000).

After Juror Roderick's answer to Plaintiff's question in this case, the Court should have either allowed further questioning of him or struck him for cause; however, this was not done. As a result of the Court's failure to strike Roderick for cause, Plaintiff's case was prejudiced and this Court must set aside the verdict and order a new trial. Because the Court is ordering a new trial on this issue, it will not be necessary to consider the other issues raised by Plaintiff's motion, as they are now moot.

The Clerk of the Court is directed to send certified copies of this order to Roger Ritchie, Sr., Esq., Counsel for Plaintiff, and William V. Riggenbach, Esq., Counsel for Defendant.