COLEMAN, J., with whom FITZPATRICK, C.J., BENTON, and ELDER, JJ., join,
dissenting.
The sole issue in this appeal is whether the trial judge abused his discretion in refusing to strike for cause a prospective juror whose brother is a police officer and was one of the Commonwealth’s witnesses in the case. The majority concludes that the trial judge did not abuse his discretion by *386 refusing to strike the prospective juror for cause. I respectfully disagree.
The case involved the prosecution of Calvin Lee Barrett for felonious assault on a police officer, Virginia State Trooper J.S. Fleming. Trooper Fleming had stopped Barrett’s vehicle after having observed license tag and equipment violations. After being stopped, Barrett' attempted to flee the scene which resulted in Fleming having to forcibly apprehend Barrett. The situation escalated when Barrett reentered his vehicle and attempted to drive away with Fleming holding onto Barrett’s arm through the vehicle window. Trooper Fleming, who had drawn his service weapon, shot Barrett in the chest as he attempted to drive away. After Barrett was apprehended, he was determined to have been an habitual offender and to have been previously convicted of operating a motor vehicle after having been adjudicated an habitual offender. Thus, he was also being prosecuted in this case for feloniously operating a motor vehicle after having been adjudicated an habitual offender, second or subsequent offense. It is from this backdrop that jury voir dire was conducted and that the challenged juror was seated as a member of the venire.
In my opinion, to allow a juror to sit in judgment of a criminal defendant who is charged with feloniously assaulting a police officer, where the juror’s brother is a police officer and a prosecution witness in the case, creates an unacceptable public image and impression of unfairness and partiality. “[C]ourts have an independent interest in ensuring that criminal trials are conducted within ... standards ... that ... appear fair to all who observe them.” Wheat v. United States, 486 U.S. 153, 160, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). “Public confidence in the integrity of the process is at stake.” Cantrell v. Crews, 259 Va. 47, 51, 523 S.E.2d 502, 504 (2000). In my opinion, the trial judge abused his discretion by seating a prospective juror whose impartiality and objectivity were, under these circumstances, in serious doubt.
“[T]he right of an accused to trial by ‘an impartial jury[1] is a constitutional right, reinforced by legislative mandate, [Code *387 §§ 8.01-357 and 19.2-262], and by the Rules” of Court. Justus v. Commonwealth, 220 Va. 971, 975-76, 266 S.E.2d 87, 90 (1980).
Every prospective juror must stand indifferent to the cause, “and any reasonable doubt as to a juror’s qualifications must be resolved in favor of the accused.” [Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976).] “If there be a reasonable doubt whether the juror possesses these qualifications, that doubt is sufficient to insure his exclusion. For, as has been well said, it is not only important that justice should be impartially administered, but it also should flow through channels as free from suspicion as possible.” Id. (quoting Wright v. Commonwealth, 73 Va. (32 Gratt.) 941, 943 (1879)).
Clements v. Commonwealth, 21 Va.App. 386, 392, 464 S.E.2d 534, 537 (1995) (emphasis added).
The majority concludes that the Supreme Court’s decision in Lilly v. Commonwealth, 255 Va. 558, 499 S.E.2d 522 (1998), rev’d and remanded on other grounds, 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117, on remand, 258 Va. 548, 523 S.E.2d 208 (1999), controls this case. In Lilly, the Virginia Supreme Court held that “a juror’s relationship to ... a police officer-witness does not require per se dismissal of that juror from the venire, and the juror may be retained if the trial court is satisfied that the juror can set aside considerations of the relationship and evaluate all the ‘evidence fairly.” Id. at 570, 499 S.E.2d at 531. In Lilly, the only basis for challenging the juror’s impartiality was that the juror was a second cousin of the police officer-witness.
As the majority notes, “[p]er se rules of disqualification, which are based on ‘a presumption of [juror] bias or prejudice,’ are disfavored in Virginia.” McGann v. Commonwealth, 15 Va.App. 448, 454, 424 S.E.2d 706, 710 (1992) (citation omitted). As we noted in Williams v. Commonwealth, 21 Va.App. 616, 618-19, 466 S.E.2d 754, 756 (1996) (en banc ), the Supreme Court has recognized very limited bases for per se juror disqualification. Relying upon the statement in Lilly *388 that per se disqualifications are disfavored, the majority apparently concludes that regardless of the degree of kinship between a challenged juror and a witness, we are required to reject a per se disqualification based on degree of kinship. I do not read the holding in Lilly so broadly. While per se disqualifications are disfavored, in my opinion, the teachings of the Supreme Court’s decisions in Cantrell and Medici v. Commonwealth, 260 Va. 223, 532 S.E.2d 28 (2000), would support a holding that a very close familial relationship between a juror and a prosecution witness constitutes a per se disqualification in order to preserve and promote public confidence in our jury system. Therefore, while I would favor adopting a per se rule of disqualification where a prospective juror’s brother is going to be a prosecution witness,[3] nevertheless, I would reverse because, in my opinion, on the facts of this case the trial judge abused his discretion by seating juror Wade.
Although on review great deference must be .accorded a trial judge’s decision to seat a juror, in my opinion, on the *389 facts of this case, the judge abused his discretion by refusing to remove juror Wade from the venire. Here, the juror, after indicating that “truthfully” he would give more credibility to his brother’s testimony than he would the defendant, later reiterated several times that he was “an impartial person.” The trial judge, stating that he had “some real concern” about the situation, intervened in questioning juror Wade and, after obtaining assurances from him that he was impartial, seated Wade as a member of the venire.
As the Supreme Court recognized in Breeden, situations exist where regardless of the “assertions of the veniremen ... that they could give the defendant a fair trial[, their assurances] did not purge the taint.” 217 Va. at 298, 227 S.E.2d at 735 (citation omitted). Reversing the trial judge’s seating of the juror in Breeden, the Court reiterated the standing principle stated “ ‘by Judge Scott in Armstead’s case 11 Leigh, 663, [that] “however, willing the juror might be to trust himself, the law will not trust him.” ’ ” Id.
Although juror Wade assured the trial judge that he could set aside his familial relationship with his brother-witness and be fair and impartial, in my opinion, we close our eyes to the obvious to expect a juror to stand impartial and indifferent to a criminal defendant who is charged with feloniously assaulting a police officer where the juror’s brother is not only a police officer but a prosecution witness. Moreover, here we have the aggravating circumstance that one of the controverted incidental issues in this case was that the arresting police officer would be asserting that he was justified in shooting the defendant. “[I]t is extremely unlikely the public would have confidence in the integrity of the process” where a juror’s brother is a police officer-witness in a case where the defendant is being tried for feloniously assaulting another police officer, who in turn claims that he had to shoot the defendant in defending against the assault. Medici, 260 Va. at 226-27, 532 S.E.2d at 30-31. As the Supreme Court stated in Cantrell, even where “the juror states that the circumstances ... would have no ‘bearing’ on [his] judgment as a juror and that [he] could ‘be totally fair to both sides,’ ” jury selection “must *390 be administered in a manner that promotes confidence in the integrity of the judicial process.” 259 Va. at 51, 523 S.E.2d at 504. The appearance that juror Wade lacked objectivity and was not impartial is so great in these circumstances that for the court to allow the juror to serve manifests a willingness to administer justice with disregard of “[pjublic confidence in the integrity of the process.”
Accordingly, I would reverse the convictions and remand for retrial.

. The holding in Lilly does not preclude per se disqualifications where a close familial relationship exists between a juror and witness, such as brothers, spouses, or parent-child. In my opinion, the same compelling reasons that required per se disqualifications in those cases where the juror was closely related to counsel or to a party exist here. See, e.g., Medici, 260 Va. at 226-27, 532 S.E.2d at 30-31 (holding that, although there was no reason to question the prospective juror’s honesty and sincerity, where prospective juror’s husband had been murdered and the accused murderer was represented by a lawyer in the same public defender’s office that also served as counsel for the defendant, permitting the juror to be seated under those circumstances, "would weaken public confidence in the integrity of criminal trials"); Cantrell, 259 Va. at 49-52, 523 S.E.2d at 503-04 (holding that trial court erred in failing to strike a prospective juror for cause where, at the time of trial, the juror was a client of the law firm representing the plaintiff). A bright-line rule providing for per se disqualification where a juror is within two degrees of affinity or consanguinity of a witness, which would encompass spouses, parents and children, and siblings, would avoid the appearance of bias, would promote the appearance of fairness, and would provide the courts with a consistent and easily applied guideline. See Gray v. Commonwealth, 226 Va. 591, 595, 311 S.E.2d 409, 411 (1984) (illustrating the degrees of kindred according to the civil law incorporated into the common law); see also 26A C.J.S. Descent & Distribution § 22 (1956 & Supp.2000).