COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Clements and McClanahan
Argued at Richmond, Virginia


MICHAEL LEE TOWNSEND, SR.
                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0469-03-2          JUDGE ELIZABETH A. McCLANAHAN
                                                SEPTEMBER 7, 2004
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF SUSSEX COUNTY
                        Robert G. O'Hara, Jr., Judge

            Peter D. Eliades (Steven Brent Novey; Eliades & Eliades, P.C.;
            Tomko & Novey, P.C., on brief), for appellant.

            Susan L. Parrish, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General; John H. McLees, Senior Assistant Attorney
            General, on brief), for appellee.


        Michael Lee Townsend, the appellant, was convicted after trial of one count of capital

murder, one count of first-degree murder, and two related firearm offenses.  On appeal,

Townsend claims that his convictions should be reversed because the trial court committed error

in overruling his motion to strike a prospective juror for cause and that further, the trial court

erred in admitting evidence of prior bad acts by Townsend three and four years earlier.  The

Commonwealth responds that resolution of both of Townsend's issues was committed to the trial

court's sound discretion, which it did not abuse.  Finding no error requiring reversal, we affirm.

        When a criminal defendant has been convicted after trial and appeals his conviction, we

review the evidence in the light most favorable to the Commonwealth.  See Taylor v.

Commonwealth, 33 Va. App. 735, 536 S.E.2d 922 (2000).  We grant the Commonwealth all

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

reasonable inferences deducible from that evidence, and leave all matters concerning the credibility of the witnesses and the weight to be accorded certain testimony to the fact finder. Carter v. Commonwealth, 38 Va. App. 116, 119, 562 S.E.2d 331, 332 (2002).

Townsend was indicted for the November 17, 2001 murder of his ex-girlfriend, Reta Price, and her then-current boyfriend, Gary Goss, which occurred in a white pickup truck that was parked on a country road. Although there were no eyewitnesses to the shootings, several witnesses who testified described someone they later identified as Townsend in the vicinity of the crime scene. One witness testified to seeing Townsend in an animated conversation with someone in a truck shortly before the shooting. A coworker of Price's testified that the evening before the killings, Townsend was at the hardware store where Price worked and had several conversations with her outside the store. The only part of the conversation that the coworker could hear clearly was a reference by Price to having "made up her mind." Another witness described the same discussion, but represented that he thought the two were having an argument as opposed to a conversation. Finally, one of Townsend's coworkers testified that on November 17, the day of the charged offenses, Townsend seemed troubled, and intoxicated, and reported that Price had told him that their relationship was over.

Although the murder weapon was never recovered, acquaintances of Townsend's testified to having seen Townsend more than once in the past with a gun of the same caliber as the murder weapon. Ammunition was recovered from Townsend's home that bore mechanical markings identical to the bullets used to kill Price and Goss.

The Commonwealth also called as a witness an inmate from the facility where Townsend was housed prior to trial. The inmate testified that two days before trial, Townsend had asked the inmate to help him prepare to testify by attempting a mock cross-examination. The inmate

- 2 -

testified that during questioning by him, Townsend broke into tears and admitted killing Price and Goss.

In addition to the evidence relating directly to the killings, the Commonwealth called witnesses to testify to a series of events that had been the subject of a defense pretrial motion to exclude evidence of other crimes. The judge permitted the introduction of testimony by Price's relatives, including her son, Earl, who testified to instances of physical aggression by Townsend beginning in 1997 and ending in 1998. The witnesses testified that Townsend flipped Price onto the floor from a chair where she was seated; on another occasion, rammed his car into Price's when she had not heeded his directive to come home; and, on a third occasion, hit her and slapped her causing bruises and knots on her head. Earl Price also testified to a previous incident at Townsend's house where his mother and Townsend had argued, his mother had run from the house, and Earl Price had later heard gunshots emanating from the house.

After the Commonwealth rested, Townsend presented an alibi defense, calling several witnesses who testified that he was about 50 miles from the crime scene on the day of the offense. Townsend also testified on his own behalf, denying that he had killed Price and Goss, and stating that he had sold the handgun that matched the caliber of the murder weapon at least a year before.

Townsend raises two issues in this appeal. First, Townsend claims that the trial court should have excused a juror for cause because she had an association with members of the Goss family and that its failure to do so undermines public confidence in the fairness of our jury system. See generally Patterson v. Commonwealth, 39 Va. App. 658, 666, 576 S.E.2d 222, 226 (2003). Second, Townsend claims that the court erred in denying his pretrial motion to exclude evidence of his prior uncharged offenses.

I.

The Commonwealth contends that the argument regarding whether the seating of the juror who had an association with Goss's family undermines public confidence in our jury system was not properly preserved for our review under Rule 5A:18. The instant case does not require that we reach a resolution on the waiver issue. Assuming, *arguendo*, that the public confidence issue has been preserved for our review, we hold that because Townsend did not allege any ongoing relationship between the prospective juror and a party, counsel or a witness in the case, the trial court did not err in refusing to strike that juror for cause.

Melissa Holt was a member of Townsend's jury venire. Holt had attended high school with the niece of decedent Goss, and although she had never met Goss himself, she had daily contact with the niece and occasional contact with the niece's father, who was Goss's brother. According to Holt, Goss's murder had only been discussed in her presence on one occasion, which was immediately after Goss's funeral. During *voir dire*, Holt stated that she did not think that her association with the Goss family would interfere with her impartiality, and specifically stated that she did not think it would prevent her from rendering a verdict of not guilty if the evidence required it. The trial court considered Holt's responses to the questions she was asked regarding whether she could fairly render a verdict on the evidence alone despite her association with Goss's family, and determined that Holt should not be struck for cause.

We cannot find on this record that the trial court erred. Although a criminal defendant enjoys a constitutional entitlement to have his guilt decided by an impartial jury, the striking of any individual potential juror for cause, including the question whether the seating of that juror would erode public confidence in our judicial system, is committed to the sound discretion of the trial court. Barrett v. Commonwealth, 262 Va. 823, 826, 553 S.E.2d 731, 732 (2001); Cantrell v. Crews, 259 Va. 47, 50, 523 S.E.2d 502, 504 (2000); City of Virginia Beach v. Giant Square

Shopping Center Co., 255 Va. 467, 470-71, 498 S.E.2d 917, 919 (1998); Stamper v. Commonwealth, 228 Va. 707, 324 S.E.2d 682 (1985). Only upon a finding that the trial court abused its discretion and committed manifest error can an appellate court reverse a conviction because the trial court denied a strike for cause. Barrett, 262 Va. at 826, 553 S.E.2d at 732-33.

In this case, prospective juror Holt was confident in her ability to be impartial, and the trial court accepted that the venire member could discharge her duties in accordance with legal instructions and the prevailing burden of proof. Unlike the potential jurors in Barrett, 262 Va. at 825, 553 S.E.2d at 732, and Patterson, 39 Va. App. at 660-61, 576 S.E.2d at 223, Holt did not equivocate regarding her ability to render a verdict unaffected by her acquaintance with persons asserted to be related to the case. Holt did not indicate that she possessed any extrinsic factual information that would bear on her ability to consider the evidence that was presented. The court found that Holt had no special interest in the outcome of this case, and stood "indifferent in the cause."

We have previously refused to hold that public confidence in our jury system was jeopardized by the trial court's failure to remove prospective jurors who, like Holt, had no "contemporaneous and continuing relationship with legal counsel or a witness in the case," and this case provides no basis to depart from that general rule. Perez v. Commonwealth, 40 Va. App. 648, 657-58, 580 S.E.2d 507, 512 (2003); Brooks v. Commonwealth, 41 Va. App. 454, 585 S.E.2d 852 (2003) (affirming conviction even though trial court declined to strike juror for cause who was related by marriage to the victims and the Commonwealth's witnesses but did not know them personally); accord Barrett, 262 Va. at 826-27, 553 S.E.2d at 732; Cantrell, 259 Va. at 51; 523 S.E.2d at 504; Giant Square Shopping, 255 Va. at 470-72, 498 S.E.2d at 918-19. Townsend does not assert that Holt bore the required contemporaneous or continuing

relationship with legal counsel or a witness in this case. Thus, without more, we cannot say that the trial court's decision not to strike Holt on Townsend's motion was error.

## II.

Townsend's second argument on appeal is that the trial court erred in permitting the Commonwealth to introduce evidence of prior altercations between Townsend and Price, as this evidence showed prior bad acts and uncharged offenses which are generally inadmissible unless relevant to one of certain recognized controverted issues in the case, including motive, intent, the absence of mistake or accident, the conduct and feeling of the defendant towards the complainant, or, in some narrowly circumscribed circumstances, the defendant's identity as the perpetrator. Quinones v. Commonwealth, 35 Va. App. 634, 640, 547 S.E.2d 524, 527 (2001). Townsend relies on Boney v. Commonwealth, 29 Va. App. 795, 514 S.E.2d 810 (1999), to demonstrate that the prior bad acts evidence in this case was inadmissible because it was not probative of the murder charges.

We need not resolve whether the admission of Townsend's prior bad acts was improper, because even if it were improper, the admission of the evidence was harmless. Where a non-constitutional error such as the admission of prior crimes evidence is alleged, reversal is not required if the reviewing court "can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same." Lavinder v. Commonwealth, 12 Va. App. 1003, 1006, 407 S.E.2d 910, 911 (1991) (*en banc*); see Davis v. Commonwealth, 34 Va. App. 257, 540 S.E.2d 513 (2001). In this case, it is clear that the verdict would have been the same regardless of whether the prior bad acts evidence had been admitted. Evidence of Townsend's guilt was considerable, and included testimony linking bullets found in his home to those used in the murder. Several witnesses placed Townsend near the scene at the

time when Price and Goss were killed. One witness testified that Townsend tearfully admitted to committing the offense.

In addition, the jury was not instructed to consider the other crimes evidence to reach conclusions regarding the central controverted issue in the case, which was the identity of the perpetrator. Townsend claimed that he was in another location at the time that Price and Goss were shot. The jury was instructed to consider the prior crimes evidence only in determining Townsend's motive, intent, malice, and the nature of his relationship to Price, not whether Townsend had been correctly identified as the shooter. Assuming, as we must, that the jury followed its instructions, Jones v. Commonwealth, 228 Va. 427, 443, 323 S.E.2d 554, 562 (1984), we conclude that the jury would not have used the state of mind evidence to determine whether Townsend had been misidentified.

In any event, error can be deemed harmless when other evidence of the defendant's guilt is overwhelming. Bond v. Commonwealth, 226 Va. 534, 539, 311 S.E.2d 769, 772 (1984). Eyewitness testimony, tangible evidence, and admissions by the defendant, established that Townsend was indeed the killer. See McLean v. Commonwealth, 32 Va. App. 200, 211, 527 S.E.2d 443, 448 (2000). Townsend was seen arguing with Price the evening before Price was killed with Goss, and was described as having been upset on the day she was killed because she had ended their relationship permanently. Townsend told the inmate who testified against him that he had killed Price and Goss because Price had said that she "wasn't coming back to him this time." The physical evidence recovered from Townsend's house established a connection to the bullets used to kill Price and Goss.

In short, there is no basis to believe that the testimony from Price's relatives regarding prior violence between Townsend and Price, several years earlier, affected the jury's determination of whether Townsend was the person the witnesses testified to having seen leaving

the scene of the offense.  A conviction will not be reversed where, as here, "'it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'"  Warner v. Commonwealth, 30 Va. App. 141, 151, 515 S.E.2d 803, 807 (1999) (quoting Hanson v. Commonwealth, 14 Va. App. 173, 189, 416 S.E.2d 14, 23 (1992)); see Code § 8.01-678.  Because we conclude that this standard has been met, the judgment of the trial court is hereby affirmed.

Affirmed.