PRESENT: All the Justices

MICHAEL LEE TOWNSEND, SR.
                                          OPINION BY
v.  Record No. 042223           JUSTICE G. STEVEN AGEE
                                     September 16, 2005
COMMONWEALTH OF VIRGINIA

               FROM THE COURT OF APPEALS OF VIRGINIA

     Michael Lee Townsend was convicted in the Circuit Court of

Sussex County on one count of capital murder, one count of

first-degree murder, and two related firearm offenses for the

murders of his ex-girlfriend, Reta Price, and her boyfriend,

Gary Goss.  On appeal, Townsend contends the trial court erred

in overruling his motions to strike two prospective jurors for

cause because seating those jurors makes it "unlikely that the

public would have confidence in the judicial process."  The

Court of Appeals affirmed the judgment of the trial court.  For

the reasons set forth below, we will affirm the judgment of the

Court of Appeals.

           I.  FACTS AND MATERIAL PROCEEDINGS BELOW

     Melissa Holt and Sylvia King were members of Townsend's

jury venire.  Holt had attended high school with a niece of

Goss, and they saw each other socially once or twice a month.

Holt's mother, with whom Holt lived, regularly provided

childcare for the niece's children.  Although she had never met

Goss, Holt had occasional contact with the niece's father, who

was Goss' brother.  According to Holt, Goss' murder had been

                            1

discussed in her presence on one occasion. During voir dire, Holt stated that she did not think that her association with the Goss family would interfere with her impartiality, and specifically stated that she did not think it would prevent her from rendering a verdict of not guilty if the evidence required it.

Sylvia King's husband was a Sussex County deputy sheriff who worked in the jail where Townsend was incarcerated before and during trial. Deputy King was in the courtroom when his wife appeared for the voir dire examination. King and her husband had discussed Townsend as an inmate two or three times, but she testified they did not discuss the merits of the case. King stated that she had no preconceived opinion as to Townsend's guilt or innocence.

Townsend moved to strike Holt and King for cause. As to Holt, he argued that there was a "probability for bias," and that "it would be very difficult for a woman that sees the immediate family of one of the two deceased almost on a daily basis . . . to be that twelfth vote for acquittal." Townsend contended that Holt was associated "too closely with the family of the victim to suggest that she could be an unbiased juror that would not have a prejudice in this case against the defendant." Similarly, Townsend argued that King "would be a biased juror" because she could not be "fair and impartial" when

"her husband sits five feet . . . behind the defendant throughout this trial."  Townsend never argued to the trial court that the seating of Holt, King or any other juror would undermine public confidence in the integrity of the judicial process.

The trial court denied both motions, finding that Holt "[stood] indifferent in the cause" and King "[had] expressed that she could be fair and impartial."  Townsend noted his exception to the trial court's rulings, and used peremptory strikes against Holt and King to bar them from the seated jury. The jury found Townsend guilty of the murders of Price and Goss and sentenced him to life imprisonment.[1]  Townsend filed a petition for appeal in the Court of Appeals claiming the trial court committed error in overruling his motions to strike jurors Holt and King for cause.

The Court of Appeals granted Townsend an appeal as to Holt's seating on the jury, but denied his petition for appeal as to King.  The Court of Appeals then affirmed the trial court's judgment.  On appeal to this Court, Townsend argues that the Court of Appeals erred because Holt's and King's close association with one victim's family and a Sussex County deputy

---

[1] The jury also sentenced him to three years "for Use of a Firearm in the Commission of [First Degree] Murder" and five years "for Use of a Firearm in the Commission of Capital Murder."  The jury imposed fines of $100,000 for both murders.

sheriff, respectively, undermine the public's "confidence in the integrity of the judicial process" and was cause to strike both jurors.

## II.  ANALYSIS

It is prejudicial error for the trial court to force a defendant to use peremptory strikes to exclude a venireman from the jury panel if that person is not free from exception. Breeden v. Commonwealth, 217 Va. 297, 300, 227 S.E.2d 734, 737 (1976).  The striking of any individual potential juror for cause, however, is committed to the sound discretion of the trial court.  Barrett v. Commonwealth, 262 Va. 823, 826, 553 S.E.2d 731, 732 (2001); Cantrell v. Crews, 259 Va. 47, 50, 523 S.E.2d 502, 504 (2000).

> On appellate review, this Court must give deference to the circuit court's determination whether to exclude a prospective juror because that court was able to see and hear each member of the venire respond to questions posed.  The circuit court is in a superior position to determine whether a prospective juror's responses during voir dire indicate that the juror would be prevented from or impaired in performing the duties of a juror as required by the court's instructions and the juror's oath.

Green v. Commonwealth, 262 Va. 105, 115-16, 546 S.E.2d 446, 451 (2001) (citations omitted).  For these reasons, a trial court's denial of a motion to strike a juror for cause "will not be disturbed on appeal unless there has been manifest error amounting to an abuse of discretion."

4

Barrett, 262 Va. at 826, 553 S.E.2d at 732 (citations omitted).

In the case at bar, Townsend's sole basis on appeal for contending the trial court erred in denying his motions to strike jurors Holt and King for cause is that seating them would make it "unlikely that the public would have confidence in the integrity of the judicial process." This argument is made for the first time on appeal and was never presented to the trial court.[2]

In argument to this Court, Townsend contends that an objection to a potential juror for cause necessarily implies an objection on the grounds of public confidence in the integrity of the judicial process. He argues the trial court is required to independently review each member of the venire to determine if the seating of any juror would undermine the public's confidence in the judicial process, regardless of whether a party raises an objection to a juror or gives a reason for excluding that person.

Townsend cites Patterson v. Commonwealth, 39 Va. App. 658, 669, 576 S.E.2d 222, 228 (2003), for a rule that "an analysis of 'public confidence' is inherent in any appellate review of a

_____

[2] The argument Townsend did make at trial, that Holt or King would be a "biased juror" and exhibit prejudice against Townsend, was not made in the Court of Appeals or before this Court and is therefore not considered under Rule 5:17(c).

5

juror's impartiality and does not depend solely upon a juror's explicit acknowledgement of bias."  See also Brooks v. Commonwealth, 41 Va. App. 454, 462, 585 S.E.2d 852, 856 (2003) ("the question of public confidence is inherent in the jury selection process and is necessarily implicated when a juror's retention is purportedly improper.").  Thus, Townsend contends, his public confidence argument cannot be procedurally barred by Rule 5A:18 or 5:25 because it was implicit in his motions to strike Holt and King for cause, regardless of the particularized reasons he gave the trial court.  Townsend avers a party may always raise the issue of public confidence in juror selection on appeal, regardless of whether it was ever addressed at trial. We disagree.

Our precedent is of long standing that a venireman will not be excluded from the jury if that person "stands indifferent in the cause."  Code § 8.01-358.  See also Spangler v. Ashwell, 116 Va. 992, 996-97, 83 S.E. 930, 931 (1914) ("If the juror does not stand indifferent to the cause, he is not competent. If he has any interest in the cause, or is related to either party, or has expressed or formed any opinion, or is sensible of any bias or prejudice, he is excluded by the law."); Salina v. Commonwealth, 217 Va. 92, 93, 225 S.E.2d 199, 200 (1976) ("It is the duty of the trial court, through the legal machinery provided for that purpose, to procure an impartial jury to try every case."). In

6

only a few, limited instances have we departed from this fundamental rule to hold that seating of a juror was error, not because of any proven bias or prejudice, but because the status of the prospective juror was controlling.  Although we disfavor per se disqualification of a juror by reason of his status alone,[3] we have effectively established per se disqualification by limited categories in Cantrell, 259 Va. at 49, 523 S.E.2d at 503, and City of Virginia Beach v. Giant Square Shopping Ctr. Co., 255 Va. 467, 470-71, 498 S.E.2d 917, 918-19 (1998), when the veniremen at issue were current clients of counsel for a party to the proceedings in each case.  See also Medici v. Commonwealth, 260 Va. 223, 226-27, 532 S.E.2d 28, 30-31 (2000). We did the same in Barrett, 262 Va. at 826-27, 553 S.E.2d at 732, when a juror's brother would appear as a witness to a crime scene in his capacity as a police officer.  In each of these cases, the seating of the juror in question was found to be erroneous because the status these jurors occupied in relation to counsel or the parties in each case, would so likely erode

---

[3] See Stockton v. Commonwealth, 241 Va. 192, 200, 402 S.E.2d 196, 200 (1991) (no per se disqualification based on group membership or the fact that juror's family member was a victim of violent crime); Mackall v. Commonwealth, 236 Va. 240, 251, 372 S.E.2d 759, 766 (1988) (cashiers not disqualified per se when victim was a cashier); Melvin v. Commonwealth, 202 Va. 511, 512-13, 118 S.E.2d 679, 680 (1961) (leasor or owner of oyster grounds not disqualified per se when crime was stealing oysters); Waller v. Commonwealth, 178 Va. 294, 304-05, 16 S.E.2d

the citizenry's confidence in the fairness of the judicial system that a new trial was required. In none of these cases, however, was the issue raised as to the application of Rule 5:25 because the argument had not been presented to the trial court. We addressed this question in Blevins v. Commonwealth, 267 Va. 291, 293-94, 590 S.E.2d 365, 366-67 (2004). There, the defendant moved for a mistrial after learning that a juror incorrectly answered a question during voir dire regarding whether she had been the victim of a "serious offense." Id. at 293, 590 S.E.2d at 366. The juror had been the victim of an armed robbery in a parking garage, though she informed the trial court otherwise. Id. The defendant argued that he did not receive a fair trial because the juror was dishonest and biased, and would have been stricken had the information been disclosed as required during jury selection. Id. at 296-98, 590 S.E.2d at 368-69. The trial court denied the defendant's motion for a mistrial. Id. at 295, 590 S.E.2d at 367.

On appeal to this Court, the defendant argued for the first time that "the trial court's denial of the motion for a mistrial could weaken public confidence in the integrity of criminal trials." Id. at 296 n.*, 590 S.E.2d at 368 n.* (internal quotation marks omitted). While we reviewed the defendant's

---

808, 812 (1941) (sharecroppers not disqualified per se when defendant was a sharecropper).

arguments with regard to the juror's honesty and potential for bias, we specifically declined to address the public confidence issue "because it was not raised in the trial court.  Rule 5:25."  Id.  Our decision in Blevins controls this case.

Townsend never argued to the trial court that public confidence in the judicial process would be undermined by seating either Holt or King.  Rather, he contended that Holt and King should be dismissed for cause because of the likelihood of actual bias against Townsend.  Speaking about Holt, Townsend argued, "[T]here's just way too many facts in that case that associate her too closely with the family of the victim to suggest that she could be an unbiased juror."  Likewise, he argued that King should not be seated because she had a "conflict of interest and some potential to offer some sort of bias."[4]  At no time did Townsend raise for the trial court's consideration the argument he makes on appeal, that "[b]ecause of [their] close association" with the family of a victim and the Sussex County Sheriff's Department, respectively, the seating of prospective jurors Holt and King would undermine

---

[4] The record supports the trial court's exercise of discretion in seating jurors Holt and King on the basis of Townsend's actual challenges to them at trial because neither juror indicated any bias, any preconceived opinions, any difficulty applying the presumption of innocence, or any doubt about her own ability to fairly weigh the evidence.

9

"public . . . confidence in the integrity of the judicial process."

"Error will not be sustained to any ruling of the trial court . . . unless the objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5:25. "This rule requires that an objection be made with sufficient specificity to enable the trial judge to rule intelligently and, thus, to avoid unnecessary reversals on appeal. Absent such objection, the issue will not be considered for the first time on appeal." Commonwealth v. Washington, 263 Va. 298, 309, 559 S.E.2d 636, 642 (2002) (Koontz, J., dissenting). Rule 5:25 also applies to constitutional claims. Riner v. Commonwealth, 268 Va. 296, 325, 601 S.E.2d 555, 572 (2004).

The consistent application of Rule 5:25 advances the Rule's purpose of avoiding unnecessary reversals and retrials. Commonwealth v. Jerman, 263 Va. 88, 93, 556 S.E.2d 754, 757 (2002) (citations omitted). Consequently, this Court has consistently applied Rule 5:25. In Buck v. Commonwealth, 247 Va. 449, 443 S.E.2d 414 (1994), we addressed a defendant's challenge to his conviction based on objections to the exclusion of certain members of the venire on racial grounds under Batson v. Kentucky, 476 U.S. 79 (1986). We held that the defendant's

10

"failure to raise these arguments before the trial court precludes him from raising them for the first time on appeal." Id. at 452-53, 443 S.E.2d at 416 (citing Rule 5:25). Similarly, this Court has held a party must request that the trial court give a jury instruction on the abolition of parole pursuant to Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000), or waive that argument on appeal. Jerman, 263 Va. at 94, 556 S.E.2d at 757.

Application of Rule 5:25 is particularly appropriate when the basis offered for reversal of the trial court is not that a juror was actually biased, and thus not indifferent to the cause, but that a public policy consideration should override an otherwise legitimate jury verdict. It is fundamentally unfair to overturn the valid decision of a jury for reasons never given to the trial court and which do not go to the merits of the case or the actual bias of a juror. "We open a Pandora's box of subjective hindsight if appellate review of juror selection is based on first-time, post-trial conjecture as to what does or does not constitute appropriate 'integrity of the process' to a majority of the appellate court hearing the argument years after the fact." Perez v. Commonwealth, 40 Va. App. 648, 662, 580 S.E.2d 507, 514 (2003) (Agee, J., concurring).

III.  CONCLUSION

11

Public confidence in the integrity of the judicial system, as a ground for excluding a juror for cause, must be raised in the trial court or that issue is waived.  Rule 5:25; <u>Blevins</u>, 267 Va. at 296 n.*, 590 S.E.2d at 368 n.*.  Any "implication" arising from this Court's prior decision in <u>Medici</u> that the question of public confidence may be raised in any appeal when a motion to strike a juror for cause has been denied, regardless of whether it was properly raised below, see <u>Brooks</u>, 41 Va. App. at 462, 585 S.E.2d at 856, is expressly rejected.  The trial court must be apprised of the basis upon which a public confidence objection to a juror is made and the other litigants given an opportunity to address the trial court on that matter.

Townsend's failure to raise his public confidence argument at trial regarding the seating of the jurors bars that claim for the first time on appeal, under Rule 5:25.[5]  Accordingly, we will affirm the judgment of the Court of Appeals.

<u>Affirmed.</u>

---

[5] Townsend does not argue the ends of justice exception to Rule 5:25 on appeal, and we see no basis for its application.