# Richmond

S. D. MAY, STATE HIGHWAY COMMISSIONER v. GERTRUDE CROCKETT, ET AL.

January 16, 1961.

Record No. 5172.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*William C. Carter, Special Assistant Attorney General* (*A. S. Harrison, Jr., Attorney General*, on brief), for the plaintiff in error.

No brief filed or argument for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

This is a condemnation case wherein the State Highway Commissioner, pursuant to §§ 33-70.1 through 33-70.11, Code of Virginia, 1950, sought to condemn 0.27 acre in fee simple and 0.10 acre easement in land belonging to Gertrude Crockett and Edison F. Crockett, her husband.

The property sought to be condemned is located at Cumberland Courthouse and lay northwest of U. S. Highway No. 60; its acquisition being necessary to improve the highway.

Pursuant to §§ 33-70.1 and 33-70.4, Code of Virginia, 1950, the condemner filed with the Circuit Court, Certificate No. C-398, in the amount of $3,481, this being the Highway Commissioner's estimate of the value of the land sought to be taken, the easement, and damages to the residue of condemnees' 100-acre farm.

As provided by statute, condemnation proceedings were subsequently instituted, and it was agreed between the respective parties that they would submit names of prospective commissioners to the judge of the trial court; and that five commissioners would hear the cause. Four of the names submitted were agreed upon.

The name of Andrew E. Godsey was submitted by the condemnees and his appointment was objected to by the condemner upon the ground that he would be "biased and prejudiced" against condemner's cause because he owned property adjoining the property sought to be condemned, and was also an equitable owner of property bordering the same project, on which condemnation proceedings had been instituted and were at the time pending.

Over the strenuous objection of counsel for condemner, made at the time of the appointment of commissioners, the trial court ordered Godsey to serve.

Prior to the hearing the condemnees filed amended grounds of defense in accordance with § 33-62, Code of Virginia, 1950, as amended, alleging the value of the land taken to be $1,000, and damages to the residue $12,000.

Upon completion of their view of the premises the commissioners returned to the court room and the condemnation proceeding continued.

The Highway Commissioner introduced evidence showing the value of the land taken, including the easement, to be $540, and damages to the residue (including replacement of the septic tank and the value of a woodshed to be removed) to be $2,941, making the total appraisal for the land taken and damages to the residue $3,481, the amount theretofore deposited with the clerk.

The condemnees introduced three non-expert witnesses—men living in the neighborhood. They placed the value of the land taken at between $250 and $600. Edison F. Crockett, one of the condemnees, valued the land taken at $500. Crockett testified that the damages to the residue of his 100-acre farm was about $14,000, and the three witnesses introduced on behalf of condemnees fixed the damages to the residue at $9,000, $10,000, and $12,000, respectively.

The commissioners returned an award of $2,300 for the land taken and $8,200 damages to the residue. Counsel for the Highway Commissioner made a motion to set aside the award and duly filed exceptions to the report of the commissioners. The trial court reduced the award for the land taken from $2,300 to $1,000, and affirmed it as to the $8,200 damages to the residue. To this ruling the Highway Commissioner duly objected and excepted. Upon petition, we granted a writ of error.

While there are three assignments of error urged by the condemner, in our view the case turns upon the court's ruling that it was proper for Godsey to sit as a commissioner.

The transcript of evidence on the hearing as to the qualifications of Godsey clearly shows that he was not a qualified person to serve. The record discloses that he was neither an unbiased nor a disinterested party. It was affirmatively shown that he had an indirect interest in the outcome of the proceeding in that he owned property adjoining that of condemnees and also held an unrecorded deed to property adjoining condemnees' land which belonged to his aunt (who was his dependent for income tax purposes), against which property condemnation proceedings had been instituted and were pending and awaiting hearing in the same court. In addition to this, it was disclosed that Godsey had been approached by the condemnees and asked to serve as a commissioner.

The maintenance of public confidence in the integrity of reports of commissioners, acting under the statute in the assessment of damages in condemnation proceedings, who are in truth in effect performing the duties of a jury in an *ad quod damnum* proceeding, is of such importance that the same rule applicable to juries should be applied; and such reports should be kept free from the suspicion that the commissioners may have been improperly influenced. *New River &c. R. Co.* v. *Honaker*, 119 Va. 641, 654, 655, 89 S. E. 960, 964.

Every precaution should be taken by the commissioners and by the courts to preserve public confidence in the findings of commissioners. *Virginia-Western Power Co.* v. *Kessinger*, 122 Va. 135, 146, 94 S. E. 186, 190.

"The power of *eminent domain* is a high prerogative and the prescribed methods of its exercise are to be carefully observed. Great weight is attached to the award of the commissioners and it is important that their judgment be not affected by relationship to the

parties or other extraneous matters." *Collins* v. *Pulaski County*, 201 Va. 164, 169, 110 S. E. 2d 184, 187; 18 Am. Jur., Eminent Domain, § 341, page 984.

Under the facts of this case it was improper for Godsey to participate as one of the commissioners, and the objection to his serving as such should have been sustained.

For the reasons stated the judgment appealed from is reversed, the award of the commissioners is set aside, and the cause is remanded for further proceedings.

*Reversed and remanded.*