# Richmond

## State Highway Commissioner of Virginia v. Gertrude Crockett, Et Al.

October 8, 1962.

Record No. 5475.

Present, All the Justices.

*W. P. Bagwell, Jr., Assistant Attorney General (Robert Y. Button, Attorney General; M. Ray Johnston, Assistant Attorney General,* on brief), for the plaintiff in error.

*J. Barrye Wall, Jr.,* for the defendants in error.

EGGLESTON, C. J., delivered the opinion of the court.

The State Highway Commissioner instituted this proceeding to condemn 0.27 of an acre of land in fee simple and a slope easement over 0.10 of an acre owned by Gertrude Crockett and E. F. Crockett, her husband. On a former appeal we reversed a judgment of the lower court sustaining an award and remanded the cause for a new hearing. *May* v. *Crockett,* 202 Va. 438, 117 S. E. 2d 648.

The evidence in the record now before us was heard by newly appointed commissioners in the presence of the lower court. They made an award of $650 for the value of the land and easement taken and $9,350 for damages to the residue. From a judgment overruling his exceptions to the award and entering judgment thereon the Commissioner has appealed. In his assignments of error the Commissioner claims that the court erred in its rulings on the admissibility of certain evidence offered by the landowners, its instructions to the commissioners, and its refusal to set aside the award on the ground that it was grossly excessive.

The property sought to be condemned lies in the town of Cumberland through which State Route No. 60 extends in an easterly and westerly direction. At the time of the proceeding the Crockett property, consisting of about 90 acres of farmland with a frame dwelling and the usual outbuildings thereon, fronted on the north side of this road. In order to straighten the highway the State Highway Department constructed a new road parallel to and north of the old road and running through the Crockett property. This new road separates the dwelling fronting on the old road from the adjacent farmland to the north thereof. The new residential site of 0.33 of an

acre fronts 135 feet on the north side of the old road with a depth of 135 feet. The severed portion of the remaining farmland fronts 180 feet on the north side of the new road.

The evidence as to the value of the land taken and damages to the residue is highly conflicting. Witnesses for the Highway Commissioner placed the value of the land taken at $540 and damages to the residue at $2,941, or a total of $3,481. There is evidence on behalf of the owners that the value of the land taken is $1,000 with damages to the residue of $13,000, or a total of $14,000. For the year 1959 the Crockett land and the buildings thereon were assessed for taxation at $1,800.

In order to establish the value of the land taken a witness for the landowners was permitted, over the objection of the Highway Commissioner, to testify that in straightening the highway at Sprouses Corner in Buckingham county, in a "substantially similar" manner to that used here, the Highway Department paid the landowner $13,000 for 1.8 acres of land taken. In our opinion this testimony was inadmissible.

In eminent domain proceedings a landowner is entitled to just compensation for his land taken. Where property has a present market value at the time of the taking that value is the just compensation to which the owner is entitled. *Duncan* v. *State Highway Commission*, 142 Va. 135, 142, 128 S. E. 546; *Talbot* v. *City of Norfolk*, 158 Va. 387, 391, 163 S. E. 100; 6 Mich. Jur., Eminent Domain, § 40, pp. 727, 728. Market value has been defined as the price which one, under no compulsion, is willing to take for property which he has for sale, and which another, under no compulsion, being desirous and able to buy, is willing to pay. *Talbot* v. *City of Norfolk, supra*, 158 Va., at page 391.

Evidence as to other sales in the same locality is admissible if they are close enough in time and on a free and open market so as to permit a fair comparison. 18 Am. Jur., Eminent Domain, § 351, pp. 994, 995; *Virginia Electric & Power Co.* v. *Pickett*, 197 Va. 269, 276, 89 S. E. 2d 76, 81. But as we pointed out in *Collins* v. *Pulaski, County*, 201 Va. 164, 171, 110 S. E. 2d 184, 189, it is generally held that the amount paid by the condemnor for similar land is not admissible as an indication of fair market value unless the offering party produces evidence sufficient to establish that the sale was voluntary and free from compulsion and not by way of compromise. See also, *May* v. *Dewey*, 201 Va. 621, 634, 112 S. E. 2d 838, 848; *Seaboard Air Line Railway* v. *Chamblin*, 108 Va. 42, 49, 60 S. E. 727, 730; Nichols on

Eminent Domain, Vol. 5, 3d Ed., § 21.33, p. 293; 18 Am. Jur., Eminent Domain, § 352, p. 996.

In the present case the evidence fails to show that the purchase by the condemnor of the Sprouses Corner property was a voluntary transaction. Moreover, the property there involved is in a different county and approximately 15 miles distant from Cumberland where the property with which we are concerned is located.

■ Relative to the value of the land taken the condemnor offered Instruction No. 7 which reads thus:

"The commissioners must determine the fair market value of the land or interest therein being condemned, not what the land or interest therein may be worth to the State Highway Commissioner or to the owner. *The use to which the land is to be put does not affect its fair market value at the time of the taking.*" (Italics supplied.)

Complaint is made that the lower court erred in modifying this instruction by deleting the italicized last sentence. In its written opinion overruling the condemnor's exceptions to the commissioners' report, the court reached the conclusion that the instruction "should have been given as requested," but that it did not "believe this error could have materially affected the award."

We agree that the modification of the instruction was error, but do not concur in the view that such error was harmless. As has been said, the landowners were entitled to be compensated for the loss of the land which was being taken from them, measured by its fair market value at the time of the taking. The fact that the Highway Commissioner needed the land and would use it for the purpose of extending the roadway did not affect its fair market value to the owners.

"The value of the land taken to the party taking it is not the test of what should be paid, nor should the fact that the land is desired or needed for a particular public use be considered when it is taken for that use. It is the value to the owner, or the loss caused to him, and not the value to the condemner, that is to be taken into consideration. The necessities of the public or of the party seeking to condemn land cannot be taken into consideration in fixing its value." 18 Am. Jur., Eminent Domain, § 245, pp. 881, 882. See also, Nichols on Eminent Domain, Vol. 4, 3d Ed., § 12.21, pp. 64, 65.

With the deletion of the italicized sentence from the instruction the commissioners were free to take into consideration that the Highway Department needed the property for its purposes and might be compelled to pay an increased price therefor.

Although no point has been made of it, the words "or to the owner" at the end of the first sentence in the instruction should have been eliminated. The fair market value of the property being condemned is the measure of the loss for which he should be reimbursed. 18 Am. Jur., Eminent Domain, § 245, pp. 881, 882, *supra*.

■ John L. Parker, a resident engineer for the Highway Department, testified on direct examination that he was responsible for the maintenance of the highways in that area. On cross-examination he was questioned on the subject of the future status of the slope easement which the condemnor had acquired in a portion of the landowners' property and whether they might be permitted to erect a building thereon, and if so, at what price. The witness replied that such permission would not be granted. Over objection, he was then asked whether in other instances the Highway Department had disposed of property in which it had condemned an easement and whether on one occasion it had offered to sell to a landowner for $18,000 per acre property which it had acquired for $1,000 in a condemnation proceeding.

This testimony was quite irrelevant to the issue before the commissioners. It was prejudicial in that it tended to show that the condemnor was unfair and oppressive to another property owner on another occasion and deserving of slight consideration here.

■ In support of their claim of substantial damage to their remaining land by the construction of the highway through a portion of their property, the landowners, over the objection of the Highway Commissioner, introduced evidence of danger to those crossing and using the new highway. There was evidence that although this was in a "restricted speed zone," since the completion of the new road motor vehicles "raced through there" at great speed and that members of the landowners' family while using the road had been involved in one collision and had narrowly averted others. The admission of such evidence is the basis of an assignment of error.

We have frequently said that in a condemnation proceeding the true test of damages to the residue of the land not taken is the difference in value before and immediately after the taking, and in ascertaining such damages there may be considered every circumstance, present or future, which affects its then value. See *Appalachian Electric Power Co.* v. *Gorman*, 191 Va. 344, 353, 61 S. E. 2d 33, 37, and cases there cited.

In such cases all inconveniences resulting to his remaining land may generally be considered insofar as such inconveniences affect the value

of the land retained by the owner. 29 C. J. S., Eminent Domain, § 163, pp. 1033, 1034. See also, 18 Am. Jur., Eminent Domain, § 266, p. 907; *Long* v. *Shirley*, 177 Va. 401, 415, 14 S. E. 2d 375, 381. Obviously, remote and speculative disadvantages should not be considered.

It will be observed that in the present case the danger which the landowners claim will damage or lessen the value of their remaining land is such as may possibly result from the unlawful or negligent use of the newly constructed road by others than the condemnor. We have been pointed to no authority, nor have we found any, which supports the view that such apprehended danger is a proper element which may be regarded as lessening the value of the landowners' remaining property.

In *Tidewater Railway Co.* v. *Cowan*, 106 Va. 817, 822, 56 S. E. 819, we said that "in assessing damages to the residue of the tract, where a part of the land is taken in condemnation proceedings, it is proper for the commissioners to consider and allow any damages to the residue flowing directly from the taking of a part of the land, and not merely speculative, * * *."

Here the damages of which the landowners complain do not flow directly from the taking of a part of the land. The unlawful use of the highway by irresponsible persons is not incident to the taking or the construction of this particular work. The possibility of damage or injury by reckless operators of motor vehicles is a hazard to which persons on or adjacent to any highway are subject. Indeed, it was a hazard to which these landowners were subject while they lived adjacent to the old road.

The mere possibility of danger to the landowners and the members of their family from such illegal acts as may be committed on the new road constructed on a portion of their property is entirely too remote and speculative to be considered as affecting the value of their remaining property. See Nichols on Eminent Domain, Vol. 4, 3d Ed., § 14.246, pp. 630, 631; *Chesapeake & Potomac Telephone Co.* v. *Red Jacket Consol. Coal & Coke Co.*, 95 W. Va. 406, 121 S. E. 278, 280. Consequently, the lower court erred in admitting evidence of the unlawful operation of motor vehicles along the newly constructed highway.

Since the judgment complained of must be reversed and the cause remanded for a new trial, it is not necessary that we consider the condemnor's claim that the award was excessive.

*Reversed and remanded.*