## CIRCUIT COURT OF RICHMOND COUNTY

State Highway Commissioner

v.

Harvey B. Bell et al.

February 20, 1976

By JUDGE JOHN A. JAMISON

The commissioners in their report fixed the value of the land taken including easement at $4,500.00 and damages accruing to the residue beyond enhancement by reason of the taking at $5,500.00, or a total award of $10,000.00. This figure is within the range of the expert testimony of the highway appraiser which totaled $3,668.00, and that of the landowners, one of whose total valuation was $14,275.00. (Mrs. Maxine Bell, one of the two land-owners, valuation totaled $12,750.00. Their appraiser gave a total of $8,092.00.) It can, therefore, be seen that the Commissioners' award is not excessive or outside of the range of, or beyond, the highest of the appraisals.

In the exceptions taken by the highway commissioner, he objects that evidence of a comparable sale to Virginia Electric and Power Company by another landowner should not have been admitted as a comparable sale unless it was shown affirmatively that the sale was voluntary, since Vepco possesses the power of eminent domain.

It is ironic that such an objection would come from the Commissioner of Highways, who himself is an authorized condemnor, particularly in this case where the transaction with Vepco appeared to be a free and voluntary act on the part of the seller and purchaser, and the amount paid by Vepco seems to have been more than adequate. This particular incident of the Trial Court has caused me far more difficulty than the other exceptions taken. Yet, the objection is based upon the holding in *State Highway*

*Commissioner* v. *Crockett, et al.,* 203 Va. 796, 127 S.E.2d 354 (1962), where precisely the same objection was made by the Commissioner of Highways to a comparable sale in which the Department of Highways had purchased for a premium price without condemnation and for a substantially similar project as that which the Court was considering in the *Crockett* case. This evidence offered by the Crocketts was admitted over the objection of the Commissioner.

There, the Court said:

It is generally held that the amount paid by the condemnor for similar land is not admissible as an indication of fair market value unless the offering party produces evidence sufficient to establish that the sale was voluntary and free from compulsion and not by way of compromise . . . . In the present case, the evidence fails to show that the purchase by the condemnor of the Sprouses Corner property was a voluntary transaction.

Always in the past, until the amendment of Code Section 25-46.21 in 1972, the view of the Commissioners was the most important factor in a condemnation case. However, now it is provided by this section that the view of the Commissioners "shall not be considered by the Commission or the Court as the sole evidence in the case." It is true that the Supreme Court stated in *Commissioner* v. *Fraizer*, 214 Va. 556, 203 S.E.2d 350 (1974), cited by counsel for the Bells:

We have repeatedly said that in an eminent domain proceeding, the report of the Commissioners is entitled to great weight, is *prima facie* correct, and must be confirmed "unless good cause be shown against it." . . . Neither the Trial Court nor this Court can set aside the award unless it is shown that the Commissioners *proceeded upon erroneous principles.* (Italics supplied)

However, in view of the holding in *Crockett* concerning the testimony as to the price paid by a condemnor in another sale, evidence in the case at bar as to the price paid by Vepco would appear to have permitted the Commis-

sioners to "proceed upon erroneous principles." This evidence should not have been admitted.

Candidly, I have labored to find a way to uphold the award here because I consider it a fair one based upon the realities of the present economy, and considering land values in the area, it is not excessive. Yet, the tainted evidence of the Vepco transaction falls squarely within the prohibition clearly set out in *Crockett, supra.* There the evidence of a comparable sale to the Department of Highways was introduced by the landowner just as in this case the Vepco sale was admitted, and the Supreme Court there found it to be reversible error for the reason that no evidence was presented by the landowner that the sale was voluntary and without any compulsion. The Supreme Court did not consider the admission of the prohibited evidence to be harmless error as contemplated by Code Section 8-487(8), cited by the landowner here in his brief. See *Tremblay v. Highway Commissioner*, 212 Va. 166 (1971), where it was held that the admission of one inappropriate "comparable" sale, and exclusion of another, is reason enough without more to set aside an award.

Exception No. 2 concerning the industrial use of property in another comparable sale, I believe goes to the weight rather than to admissibility and need not be commented on here.

There is at least one other error, however, cited in the Commissioner's exceptions having to do with allowing Mr. John Kent, the nurseryman, to testify as to the total value of the items of shrubbery. This would probably not in itself be sufficient reason for setting aside the award, but, combined with the inadmissible evidence as to Vepco's purchase, makes it necessary to do so, and I must so hold.

Counsel for the Commissioner is requested to prepare an order setting aside the award.