## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Virginia Natural Gas, Inc.

v.

Mary D. Kipps, Trustee

October 7, 1992

Case No. L-90–859

BY JUDGE WILLIAM H. LEDBETTER, JR.

During opening statements at the trial of this condemnation case, landowner's counsel told the commissioners that he would call a real estate appraiser to testify that the residue of the landowner's property has been damaged by the perception of fear of explosion associated with the natural gas pipeline constructed by the condemnor. Counsel for the condemnor immediately objected. Out of the presence of the commissioners, counsel represented to the court what his expert witness would testify about how and to what extent fear of pipeline explosions effects the value of the landowner's remaining lands. After the proffer, the court heard arguments regarding the admissibility of such testimony and, consequently, the propriety of counsel's reference to it in his opening statement. Later, the proffer was substantiated when the witness put his testimony into the record.

The court sustained the condemnor's objection and ruled that the landowner's expert witness would not be permitted to give an opinion on diminution of value of the residue based upon fear or apprehension of future events (i.e., possible explosions). As a result of that ruling, the commissioners were discharged, by agreement of counsel, because the landowner conceded that she had no other evidence of damage to the residue and the parties were in agreement as to the value of land taken. Accordingly, the court found just compensation to be $4,500.00, the agreed-upon amount of value of the land taken.

Inexplicably, no sketch order was tendered. On August 12, 1992, the landowner filed a motion for reconsideration of the court's rul-

ing, excluding the testimony of the landowner's appraiser related to fear of pipeline explosion and its effect on the value of her remaining lands. Both parties submitted memoranda and argued their positions on September 21, 1992. This opinion addresses that motion. For the reasons explained below, the court is of the opinion that its original ruling is correct, and the motion for reconsideration will be denied.

It is well settled that future apprehended damages due to negligent construction or maintenance of the works of the condemnor cannot, as such, be included in a condemnation award. The law furnishes a remedy in the future for the recovery of all such damages, and the right to such recovery is not affected by the condemnation proceeding. *Appalachian Power Company v. Johnson*, 137 Va. 12 (1923); *VEPCO v. Farrar*, 205 Va. 244 (1964).

The landowner concedes that direct evidence of potential future events would not be admissible, but she argues that her expert appraiser was prepared to testify about the effect on present value that fear or apprehension of potential future events has in this case. She cites dicta in *Appalachian Power*: "[T]he commissioners could have properly taken into consideration the effect of the fear of the [power] line breaking down and injuring persons and property whether due to inherent defects or unavoidable accidents, not to be guarded against by reasonably skillful construction and careful operation . . . or, indeed, even where due to negligent construction or operation, if the liability to such injury in fact depreciated the market value of the property." The Court went on to say, however, in that case and in other decisions, that speculative or "possible" future events cannot be considered in determining present actual value.

First, as the court pointed out at the time of its original ruling, it is difficult to understand how a witness can testify "about perceived fears and hazards without discussing the hazards." To discuss the "hazards," i.e., the possibility of explosions, is to venture into the realm of speculation. In fact, the matter is so speculative that counsel for the landowner acknowledged during his proffer that "the chances of this gas line blowing up are probably less than us getting killed by terrorists in Spotsylvania County."

Second, it is apparent from the proffer and from the expert's testimony that the witness, Mr. Overstreet, is not qualified to address hazards associated with natural gas pipelines. No other expert witness was proffered. The witness did not possess the expertise to ad-

dress even the fears or perceived hazards and the impact of such fears on the value of the landowner's remaining lands in this case. He acknowledged that he had done no research and had no education or training in such matters, had never been involved with real estate affected by a gas pipeline, and had done no analysis of the pipeline's effect on value of adjoining lands in the area. Rather, he formed his opinion (a 20% diminution in value of surrounding lands) based on conversations with developers in the Charlottesville area, a newspaper article about a pipeline explosion, and his "assessment," unsupported by any analysis or study, of the "perceived risk" to a developer "to invest in" the property.

For these reasons, the court is of the opinion that the evidence proffered is inadmissible because it refers to potential future events, is too speculative in the circumstances of this case, and the expert witness did not have the necessary expertise to testify about such matters. Mr. Overstreet was determined to be qualified as an expert in the field of real estate valuation and appraisal; however, his competence to give an opinion of value using the "fear" factor discussed in this opinion was subject to challenge.

In *State Highway and Transportation Commissioner v. Lanier Farm, Inc.*, 233 Va. 506 (1987), the landowner's witnesses testified that the Commissioner's project had straightened a curve in the road so that motorists no longer adhered to the speed limit. This factor, combined with others, these witnesses said, diminished the value of the residue tract. The Supreme Court reversed. It is obvious from the opinion that the point of the witnesses' testimony was to address the *effect* of fear of future hazards, speeding motorists, on *present* fair market value. The Court said that it adhered to the view that the laws governing condemnation proceedings "have no application to tortious or unlawful conduct, whether by contractors engaged in constructing public improvements . . . governmental agents . . . or third parties who are strangers to the condemnation proceedings." Citing *Highway Commissioner v. Crockett*, 203 Va. 796 (1962), the Court said that danger caused by unlawful use of the highway by irresponsible motorists does not constitute an element of damage flowing directly from the taking of land, and the possibility of future injury from such conduct is "too remote and speculative" to be considered in determining the value of the landowner's remaining property. That view likewise applies to the circumstances of this case.