Present: Carrico, C.J., Compton, Stephenson,[1] Lacy, Hassell,
         Keenan, and Koontz, JJ.

COMMONWEALTH TRANSPORTATION
COMMISSIONER OF VIRGINIA

v.  Record No. 962266    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                    September 12, 1997
A.B. CHADWELL, ET AL.

                 FROM THE CIRCUIT COURT OF LEE COUNTY
                        William C. Fugate, Judge


     In this appeal of a judgment confirming an award in an

eminent domain proceeding, the dispositive issue is whether the

trial court erred in refusing to strike for cause a prospective

commissioner based on his ownership of property directly across

the highway from the condemnees' land.

     In October 1994, the Commonwealth Transportation

Commissioner (the Commonwealth) recorded a certificate condemning

0.036 acre in fee and 0.006 acre owned by A.B. and Yvonne

Chadwell for a permanent utility easement.  The Commonwealth's

certificate included a deposit of $69,125, its estimated value of

the land taken, the easement, and the damage to the residue.

     The condemned property was part of an 0.8 acre parcel owned

by the Chadwells near the intersection of state Routes 58 and 693

in Lee County.  Two commercial structures are located on the

property, a convenience store with a gasoline pump, leased to Lee

Oil Company and subleased to Patty Fee Young, and a building

_____

     [1]Justice Stephenson participated in the hearing and decision

of this case prior to the effective date of his retirement on

July 1, 1997.

leased to the Lee County Office on Youth for use as a "Teen Center."

In December 1994, the Commonwealth filed a petition in the trial court, requesting appointment of a commission to ascertain the value of the land taken and any damage which may accrue to the residue as a result of the taking.  Lee Oil and Young intervened in the action.

Nine condemnation commissioners were summoned and seated in accordance with Code § 25-46.20.  After the parties conducted their voir dire of the prospective commissioners, the Commonwealth moved to strike James C. Brown for cause on the ground that he was not impartial and disinterested.  Brown had stated that he currently owned property directly across Route 58 from the Chadwells' land, and that he had settled his case with the Commonwealth concerning property taken for the same highway project.

The trial court denied the Commonwealth's motion, stating that a ruling automatically eliminating anyone who owned land on Route 58 affected by the project would "seriously reduce the [number of] people that might be available" to serve as commissioners.  Brown was removed from the panel by a peremptory strike.

After the commissioners were seated, they inspected the property and heard evidence concerning the value of the land taken and the damage to the residue caused by the take.  The

chief issue in dispute was whether the taking, which eliminated vehicular access to the convenience store from Route 58, deprived the residue of its commercial value. After the taking, access to the convenience store was limited to entry from Route 693.

The commissioners returned an award of $162,275 for the land taken and $161,425 for the damage to the residue. The trial court overruled the Commonwealth's exceptions and entered judgment confirming the award.

On appeal, the Commonwealth contends that Brown should have been struck from the panel for cause on the ground that he owned property directly across Route 58 from the condemned parcel. The Commonwealth argues that its right to a panel of five commissioners, chosen from a group of nine disinterested and impartial freeholders, was violated because Brown had a personal and financial interest in the outcome of this case.

In response, the Chadwells, Lee Oil, and Young (collectively, the Chadwells) assert that the trial court properly refused to strike Brown for cause. They contend that Brown did not have a personal or financial interest in this proceeding because he did not own property adjacent to the condemned property or property that was currently the subject of a present or anticipated condemnation proceeding. We disagree with the Chadwells.

The issue of just compensation in an eminent domain proceeding may be determined by a commission, which must be

comprised of disinterested freeholders.  Code § 25-46.20.  When nine commissioners are summoned, as occurred in this case, the condemnor and the landowners are each entitled to two peremptory strikes, after which the remaining five freeholders are appointed to fix the value of the property to be taken and the damage, if any, to the residue.  Id.

The commissioners must be "upright and capable,...without bias or prejudice."  Chairman of the Highway Comm'n v. Fletcher, 153 Va. 43, 46-47, 149 S.E. 456, 457 (1929).  The commissioners, like a jury, hear the evidence, evaluate the credibility of witnesses, and make factual determinations in ascertaining the proper award due the landowner.  Commonwealth Transp. Comm'r v. Thompson, 249 Va. 292, 295, 455 S.E.2d 206, 207 (1995).

To maintain public confidence in the integrity of condemnation proceedings, the selection of condemnation commissioners is subject to the same rule applicable to the selection of jurors, namely, that any person who may be improperly influenced in the proceedings must be stricken for cause from the panel.  See May v. Crockett, 202 Va. 438, 440-41, 117 S.E.2d 648, 649-50 (1961).  The trial court is given discretionary authority to determine whether a prospective commissioner should be stricken for this reason.  State Highway and Transp. Comm'r v. Dennison, 231 Va. 239, 243, 343 S.E.2d 324, 327 (1986).  Under its discretionary authority, the trial court must decide, among other things, whether any members of the

venire have a financial interest so intimately related to the issue at trial that they cannot sit indifferent in the cause. Id.

In May, we held that the trial court should have stricken for cause a commissioner who owned property adjoining the land to be condemned and held an equitable interest in other property in the same project on which condemnation proceedings were pending. 202 Va. at 441, 117 S.E.2d at 650. By comparison, in Dennison, we upheld the trial court's refusal to strike for cause two prospective commissioners, one who had sold the landowner some personal insurance policies before the taking, and the other who had done some construction work for the landowner three years before the taking. 231 Va. at 243, 343 S.E.2d at 327. The standard distinguishing these decisions was whether the panel member had a present financial interest that may have affected his ability to be disinterested in the cause.

Applying this standard to the present case, we conclude that the trial court abused its discretion in refusing to strike Brown for cause. Like the commissioner challenged in May, Brown was not disinterested in the cause, because he owned property in very close proximity to the land taken. His ownership of that property could have affected his ability to render a disinterested valuation of the land taken, or a disinterested determination of the damage to the residue.[2]

---

[2]Based on our holding, we need not address the remaining

For these reasons, we will reverse the judgment confirming the award and remand the case for a new trial.

Reversed and remanded.

---

issues raised by the Commonwealth.