# CIRCUIT COURT OF THE CITY OF NORFOLK

Norfolk Redevelopment
and Housing Authority

v.

Engar Carol Swinson Coneys

April 18, 2001

Case No. (Law) L00-2248

BY JUDGE MARC JACOBSON

Norfolk Redevelopment and Housing Authority filed a Petition for Condemnation on September 22, 2000, seeking to condemn certain property of Engar Carol Swinson Coneys. Coneys filed a response entitled "Answer and Grounds of Defense" on October 17, 2000. In her Answer, Coneys responded to the allegations set forth in the Petition and asserted that the subject land was being condemned in violation of the Equal Protection Clause of the United States Constitution. *See* Answer, ¶ 7. The Answer did not contain any reference to Coneys's election for a jury trial or to have the matter heard by Commissioners, as was her right under Va. Code § 25-46.9. On March 8, 2001, a Judge of this Court overruled Coneys's defense asserting a violation of the Equal Protection Clause of the United States Constitution and ruled that the case proceed to trial.

On March 22, 2001, Coneys filed a pleading entitled "Answer and Election for Empanelment of a Jury" (Second Answer), in which Pleading Coneys asserts that she is entitled to a trial by jury by virtue of Va. Code § 25-46.9, which states:

> *within twenty-one days of the service of [the petition] any such owner* who desires to assert any objection or defense to the taking or damaging of his property or to the jurisdiction of the court to hear the

case, and to make his election to proceed with either the appointment of commissioners or the empanelment of a jury, *shall file* (i) his answer and grounds of defense designating the property in which he claims to be interested, (ii) the grounds of any objection or defense to the taking or damaging of his property or to the jurisdiction of the court to hear the case, and (iii) *his election to proceed with either the appointment of commissioners or the empanelment of a jury for the determination of just compensation.*

(Emphasis supplied.) In her Second Answer, Coneys again responded to the allegations of the Petition and for the first time requested a trial by jury.

In her Second Answer, Coneys cites Rule 3:7 of the Rules of the Virginia Supreme Court which allows a defendant in civil proceedings twenty-one days from the date a court rules on "motions, demurrers, and other pleas" to file responsive pleadings. Presumably, Coneys argues that Rule 3:7 applies to eminent domain proceedings and thus gives her twenty-one days from the above referred to Court ruling of March 8, 2001, dismissing or denying her equal protection argument in which to request a jury.

Rule 3:7 does not apply to this eminent domain proceeding. The Rules apply only to "civil actions at law in a court of record seeking a judgment in personam for money only, actions for establishment of boundaries, ejectment, unlawful detainer, detinue, a refund of taxes and declaratory judgments. . . ." *See* Rule 3:1. The Rules do not apply to eminent domain proceedings. *See Williamson v. Hopewell Redevel. & Housing Auth.*, 203 Va. 125 S.E.2d 849 (1962), appeal dismissed, 371 U.S. 234, 83 S.Ct. 315 (1963); *Hornback v. State Hwy. Comm'r*, 205 Va. 50, 135 S.E.2d 136 (1964). Further, Rule 3:7 does not speak to the election by a defendant to a jury trial. The Rule speaks only to the time in which a civil defendant may file an Answer and Grounds of Defense and does not relate to an eminent domain proceeding or the election of a trial by jury.

For the sake of argument only, even if Rule 3:7 applied to this eminent domain action, Coneys could not invoke the Rule in order to seek a jury trial at this juncture of the proceedings. Rule 3:7 allows a defendant in a civil suit to file a "grounds of defense" within twenty one days after the court rules upon a "motion, demurrer, or other plea" before being in default. A plea or a motion is not the same as a grounds of defense; the terms of art describe distinctly different documents with different purposes. A plea does not address the merits of the issues raised by a bill of complaint or a petition, but rather, it alleges facts which, if proven, would dispose of the case entirely. *See Nelms v. Nelms*, 236 Va. 281, 374 S.E.2d 4 (1988). Since Defendant in this case filed

an Answer and Grounds of Defense, instead of filing a plea or motion, the statutory provision allowing extra time in which to file an Answer and Grounds of Defense is not applicable.

Coneys also cites Va. Code § 25-46.17 in support of her argument, which allows the Court to decide matters of jurisdiction prior to setting a date for trial. Va. Code § 25-46.17 supports the requirement that Defendant must request a jury trial at the first instance. Section 25-46.17 states that if a defendant does not object to the court's jurisdiction to try the case, the court shall fix a date for trial and either appoint commissioners or authorize the empanelment of a jury. If a defendant objects to jurisdiction, the court may decide the issue of jurisdiction before setting a trial date or authorizing commissioners or a jury. In this case, Coneys's Answer did not object to the jurisdiction of the Court; therefore, the Court was authorized to set a trial date and determine that the matter be heard by commissioners. A Scheduling Order was properly entered by the Court on February 5, 2001, which Order reflects that trial shall be by Commissioners.

Va. Code § 25-46.9 specifically states that Defendant had twenty-one days from the service upon her of the Petition to elect to proceed with a jury or to appoint commissioners. Once she failed to do so, Petitioner had a right under the statute to request either a trial by jury or by commissioners. If Coneys was not able to elect which method of proceeding was desired within twenty one days of service of the Petition, under § 25-46.9, Coneys could have requested more time in which to file an Answer and Grounds of Defense. Section 25-46.9 provides no time limit in which the Petitioner must avail itself of its right to select the method of trial, therefore, the Petitioner may do so at any time. *See Commonwealth Transp. Comm'r v. Chadwell*, 254 Va. 302, 491 S.E.2d 723 (1997) (allowing a petitioner to elect trial by commission two months after the petition was served). Because Coneys filed an Answer, she was required to elect trial by jury at that time under Va. Code § 25-46.9. Failure to do so requires the Court to appoint commissioners as properly required by Petitioner.

The request for a jury by Coneys is denied and the Motion for Entry of Order Summoning Commissioners of Petitioner is granted.