PRESENT: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Lemons, JJ., and Stephenson, S.J.

FIRST BANK AND TRUST COMPANY

OPINION BY
v.  Record No. 010592    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                      March 1, 2002
COMMONWEALTH TRANSPORTATION
COMMISSIONER OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
Charles B. Flannagan, II, Judge

The dispositive issue in this appeal in an eminent domain
proceeding is whether the trial court erred in the per se
disqualification of all customers of the landowner from serving
as commissioners.

I

On November 24, 1997, the Commonwealth Transportation
Commissioner of Virginia (the Commonwealth) condemned, as part
of a project to improve an interstate highway, a 0.571-acre
parcel of land owned by First Bank and Trust Company (the Bank)
in the City of Bristol.  The trial court conducted a voir dire
proceeding to select and empanel commissioners who would serve
to determine just compensation for the condemned property, on
which was located a branch office of the Bank.  Among the names
of prospective commissioners submitted to the court were four
customers of the Bank.  The voir dire examination revealed that
none of these customers had any interest in the condemned
property or in the outcome of the proceeding, that they knew

nothing about the case, that they had not formed or expressed an opinion regarding the case, that they did not have any bias or prejudice for or against either party in the matter, and that they could make a fair and impartial award according to the law and the evidence presented.  Nonetheless, the trial court ruled, over the Bank's objection, that all Bank customers were per se disqualified from serving as commissioners.

On August 3, 2000, following a trial to determine just compensation, the commissioners filed a report fixing just compensation of $475,000.  On August 10, 2000, the Bank filed an objection to and motion to set aside the commissioners' report on several grounds, including the court's per se disqualification of all Bank customers.  On January 10, 2001, the trial court entered a final order overruling the Bank's objection and motion and confirming the commissioners' report. This appeal ensued.

II

A

We first determine what standard we will employ in reviewing the trial court's ruling.  Generally, a trial court is given discretionary authority to determine whether a prospective commissioner should be stricken for cause.  See, e.g., City of Virginia Beach v. Giant Sq. Shopping Ctr., 255 Va. 467, 471, 498 S.E.2d 917, 919 (1998); Commonwealth Transp. Comm'r v. Chadwell,

2

254 Va. 302, 305, 491 S.E.2d 723, 725 (1997).  Relying upon this principle of law, both parties in the present case contend that our standard for reviewing the trial court's ruling is whether the court abused its discretion in striking the prospective commissioners because they were Bank customers.  We do not agree.

In so ruling, the trial court did not exercise its discretion as to each of these prospective commissioners; rather, it simply adopted a per se rule.  Therefore, we will determine whether the ruling is erroneous as a matter of law.

B

In State Highway and Trans. Commr. v. Dennison, 231 Va. 239, 241, 343 S.E.2d 324, 326 (1986), the trial court refused to strike for cause two prospective commissioners.  One of these prospective commissioners had sold to the landowner certain personal insurance policies, and the other had built for the landowner several additions to a tobacco warehouse located on a parcel of land adjacent to the condemned property.  Both prospective commissioners stated that they had no interest, direct or indirect, in the outcome of the case, they had not formed any opinion about the case, and they were capable of making a fair and impartial award according to the law and the evidence.  Id. at 241-42, 343 S.E.2d at 326.

3

In affirming the trial court, we observed that "[n]either [prospective commissioner] had any financial interest related to the issue they were called upon to decide" and that "[e]ach testified that he could serve impartially." Id. at 243, 343 S.E.2d at 327. Consequently, we concluded that the court did not abuse its discretion in refusing to strike them for cause. Id.

Shortly thereafter, we decided State Hwy. Comm'r v. Cardinal Realty Co., 232 Va. 434, 350 S.E.2d 660 (1986). In Cardinal Realty, one of the prospective commissioners stated on voir dire that, four or five years earlier, he had "done utility work" for the landowner. Id. at 435, 350 S.E.2d at 661. A second prospective commissioner testified that he was a builder and that, six or seven years previously, he had built houses in a subdivision near the condemned property. He also stated that, in the past, he had used a realty company owned by one of the landowner's principals to sell houses that he had built. A third prospective commissioner testified that one of the expert witnesses in the case managed property owned by him, and a fourth prospective commissioner stated that he had leased land from the expert witness. At the end of the voir dire, none of these prospective commissioners indicated any inability to give the parties a fair trial, and the trial court refused to strike them for cause. Id. at 436, 350 S.E.2d at 661-62.

4

In affirming the trial court's ruling, we noted that two of the prospective commissioners had not had any dealings with the landowner; rather, they had had dealings with one of the expert witnesses. Id. at 437, 350 S.E.2d at 662. We also noted that "[a]ll that was established about [another of the prospective commissioners] was that in the past he had had business dealings with the landowner." Id. at 438, 350 S.E.2d at 662. Finally, with respect to the remaining prospective commissioner, we stated the following:

> [His] testimony suggests an ongoing business relationship with the landowner. But, according to the cases relied on in Dennison, even an ongoing relationship does not always require that the court refuse to seat a commissioner. The question is whether the ongoing relationship is such that the commissioner will have a financial interest related to an issue the commissioner is called upon to decide.

Id. (emphasis added).

The existence of a financial interest is what distinguishes May v. Crockett, 202 Va. 438, 117 S.E.2d 648 (1961), from Dennison and Cardinal Realty. In May, a prospective commissioner had interests in two parcels of land adjoining the property being condemned, and one of these parcels was the subject of a pending condemnation proceeding related to the same highway project. Id. at 439, 117 S.E.2d at 648-49. We held that the trial court should have stricken for cause the prospective commissioner. Id. at 441, 117 S.E.2d at 650; accord

5

*Commonwealth Transp. Comm'r v. Chadwell*, 254 Va. 302, 305, 491 S.E.2d 723, 725 (1997).

In the present case, there was no evidence that the Bank customers had ongoing business relationships involving financial interests related to issues the commissioners would decide. Thus, we hold that the trial court erred, as a matter of law, in applying a per se rule for striking the Bank customers.

C

The Commonwealth contends, however, that, even if the trial court erred, such error was harmless because the record shows that the parties had a fair trial on the merits. The Commonwealth relies upon Code § 8.01-678, the so-called "harmless-error" statute. That statute provides, in pertinent part, that, "[w]hen . . . the parties have had a fair trial on the merits . . . , no judgment shall be arrested or reversed . . . for any error committed on the trial."

We have said that commissioners in an eminent domain proceeding perform the duties of jurors in an ad quod damnum proceeding, and, therefore, the same rule applies to both with regard to their qualifications to serve. *Commonwealth Transportation Comm'r v. DuVal*, 238 Va. 679, 683, 385 S.E.2d 605, 607 (1989); *May*, 202 Va. at 440, 177 S.E.2d at 649. The proper selection of jurors and commissioners is the very foundation for a fair trial, and we are not aware of any cases,

6

and none have been cited by counsel, in which we have applied the harmless-error statute for errors committed in jury or commissioner selection.  Therefore, we reject the Commonwealth's harmless-error contention.

III

Accordingly, we will reverse the trial court's judgment and remand the case for a new trial.[*]

Reversed and remanded.

---

[*] We do not decide the Bank's other assignment of error because the situation could not arise upon retrial.