Present: Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Koontz, S.J.

CHARLES W. DEAN, ET AL.

v. Record No. 100048    OPINION BY JUSTICE DONALD W. LEMONS
                                     April 21, 2011
BOARD OF COUNTY SUPERVISORS
OF PRINCE WILLIAM COUNTY

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Craig D. Johnston, Judge

In this appeal, we consider whether the Circuit Court of Prince William County ("trial court") abused its discretion in a condemnation action when it sustained the Board of County Supervisors of Prince William County's ("the County") motion in limine and prohibited the introduction of evidence regarding a particular purported comparable sale of property at trial.

I. Facts and Proceedings Below

In 2008, the County filed a petition for condemnation in the trial court against Charles W. Dean and Anna L. Dean ("the Deans"), seeking to obtain the Deans' property "to permit the expansion of the PRTC [Potomac Rappahannock Transportation Commission] bus maintenance facility and construction of a commuter parking facility." The Deans' property consisted of approximately 0.6 acres and had previously been used as a gasoline station and as a transmission repair shop. The County filed a condemnation petition against the Deans because the County had made efforts to purchase the property but the

parties had been unable to reach an agreement regarding compensation for the property.

Prior to trial, the County filed a motion in limine, requesting the trial court to exclude evidence regarding a purported comparable sale of property from Sultan Aman to the County ("the Aman sale"), upon which the Deans relied to determine their desired level of compensation for their property. The County contended that the Aman sale was not a "comparable sale" under Virginia law because the County, as the buyer, was influenced by a degree of compulsion or compromise in purchasing the Aman property due to its need to complete a planned road project. The Deans argued that the evidence demonstrated that the Aman sale was voluntary, and the fact that the sale was made to a condemning authority does not make it per se compulsory or involuntary.

At the hearing on the County's motion in limine, the County presented evidence that it lacked flexibility in purchasing the Aman property because the County planned to widen a public highway and the Aman property was directly in the path of the planned widening. The County initially offered Aman $860,000 for his property, based on the fair market value in an independent appraisal, but Aman rejected this offer and made a counteroffer of $1.4 million five weeks later. The County rejected this counteroffer but subsequently offered Aman

2

$1.175 million for the property two months later, which Aman accepted. The County testified that if negotiations with Aman had failed, it would have filed a certificate of take for $860,000. The County also indicated that it was willing to compromise because it desired "to avoid any risk or time and expense of going to court."

The Deans proffered the testimony of Aman, stating that Aman would testify that, from his perspective, the sale lacked compulsion. The Deans also stated that Aman would testify that he had been trying to sell his property for some time, and the County eventually paid him more than his original listing price. Finally, a witness testified that the County did not need the Aman property at the exact moment of the sale because the County did not start work until several months later. The trial court sustained the motion in limine and ordered that no evidence regarding the Aman sale would be admitted into evidence at trial.

At trial, the County's expert appraiser testified that the Deans' property was worth $475,000 during the relevant time period, and that his valuation was based on eight similar land sales and six similar building sales. The Deans' expert valued the property at $900,000. His valuation was based on three comparable sales of gasoline stations that were approximately the same size as the Deans' property. Because of the sustained

3

motion in limine, however, the Deans' expert was only permitted to testify concerning two of the comparable sales. Ultimately, the jury fixed the value of the Deans' property at $488,750.

The Deans filed exceptions to the jury's report, arguing that the trial court erroneously deprived the jury of the opportunity to consider the comparable sale of the Aman property. The trial court overruled and denied all of the Deans' exceptions and confirmed the jury's report.

The Deans timely filed their notice of appeal, and we granted an appeal on the following assignment of error:

1. The trial court erred in barring the jury from considering in its determination of just compensation a comparable sale to the County.

## II. Analysis

### A. Standard of Review

"Generally, we review a trial court's decision to admit or exclude evidence using an abuse of discretion standard and, on appeal, will not disturb a trial court's decision to admit evidence absent a finding of abuse of that discretion." Avent v. Commonwealth, 279 Va. 175, 197, 688 S.E.2d 244, 256 (2010) (citing John Crane, Inc. v. Jones, 274 Va. 581, 590, 650 S.E.2d 851, 855 (2007)). Specifically, "[t]he question of the admissibility of prior sales of comparable property is one left largely to the discretion of the trial courts." Edwards v.

4

State Highway Comm'r, 205 Va. 734, 737, 139 S.E.2d 845, 848 (1965).

B. The Trial Court did not Abuse its Discretion

The Deans argue that the trial court erred in barring the jury from considering the Aman sale in its determination of just compensation for the Deans' property. We disagree.

We have previously held:

> In eminent domain proceedings a landowner is entitled to just compensation for his land taken. Where property has a present market value at the time of the taking that value is the just compensation to which the owner is entitled. Market value has been defined as the price which one, under no compulsion, is willing to take for property which he has for sale, and which another, under no compulsion, being desirous and able to buy, is willing to pay.
>
> Evidence as to other sales in the same locality is admissible if they are close enough in time and on a free and open market so as to permit a fair comparison. But . . . it is generally held that the amount paid by the condemnor for similar land is not admissible as an indication of fair market value unless the offering party produces evidence sufficient to establish that the sale was voluntary and free from compulsion and not by way of compromise.

State Highway Comm'r v. Crockett, 203 Va. 796, 798, 127 S.E.2d 354, 356 (1962) (citations omitted). Additionally, we have stated that

> [u]sually transactions between an owner of land that is about to be taken and the condemner fail to meet the tests of "comparable sales." Neither the purchaser nor the seller is then acting as a free agent for the price paid is usually

5

influenced to a degree by compromise or
compulsion because of the pending litigation.

May v. Dewey, 201 Va. 621, 634, 112 S.E.2d 838, 848 (1960).

In this case, the Deans desired to introduce evidence of
the Aman sale as a comparable sale to establish the fair market
value of their property.  However, because the Aman sale
involved a transaction between "an owner of land that is about
to be taken and the condemn[or]," the Deans had the burden of
"produc[ing] evidence sufficient to establish that the [Aman]
sale was voluntary and free from compulsion and not by way of
compromise."  Crockett, 203 Va. at 798, 127 S.E.2d at 356.  See
May, 201 Va. at 634, 112 S.E.2d at 848.

The Deans proffered evidence that the Aman sale, from
Aman's perspective as the seller, was voluntary, free from
compulsion, and not by way of compromise, but they failed to
demonstrate that the same was true from the perspective of the
County, the purchaser.  To the contrary, the evidence in this
case indicates that the County's purchase of the Aman property
was under compulsion and by way of compromise.  A witness for
the County testified that the County was compelled to acquire
the Aman property for its planned road project.  Moreover, the
County presented evidence that it engaged in a series of offers
and counteroffers before agreeing on the purchase price, which
was significantly higher than its original offer, and that it

6

was willing to compromise because it desired "to avoid any risk or time and expense of going to court." Finally, the County also presented evidence that it would have filed a certificate of take for the Aman property for $860,000, which was the amount the County initially offered based on an independent appraiser's determination of the property's fair market value.

Accordingly, the trial court did not err in holding that the Deans failed to produce "evidence sufficient to establish that the [Aman] sale was voluntary and free from compulsion and not by way of compromise." Crockett, 203 Va. at 798, 127 S.E.2d at 356.

### III. Conclusion

We hold that the trial court did not abuse its discretion by sustaining the County's motion in limine and excluding evidence regarding the Aman sale. Accordingly, we will affirm the judgment of the trial court.

Affirmed.

JUSTICE MIMS, dissenting.

I dissent. Dean proffered testimony that "[Aman] did not feel he was under any compulsion" and "thinks he got a fantastic deal." The trial court held that evidence inadmissible because the County would have elected to pursue condemnation if the negotiation failed. That holding, though, is not compelled by this Court's precedents.

7

In May v. Dewey, 201 Va. 621, 634, 112 S.E.2d 838, 848 (1960), this Court reviewed the refusal of evidence of a sale of neighboring land "in settlement of a pending condemnation suit incident to the same project." The Court found the evidence inadmissible because "no . . . proof was offered" that the sale was voluntary. Id. Under May, it is clear that a party may offer sufficient proof of a voluntary sale with a condemnor. See id. ("Usually transactions between an owner of land that is about to be taken and the condemner fail to meet the tests of 'comparable sales.' ") (emphasis added).

The Deans proffered such proof through Mr. Aman's testimony. The County's argument to the contrary that it was under compulsion because it feared the "risk of time and expense of going to court" is unpersuasive. The County faced absolutely no risk relating to the timing of its highway project because it had "quick-take" authority to acquire the Aman property. See Code § 15.2-1904; § 25.1-313. Its only risk relating to expense was that a condemnation jury might award a higher sum than a negotiated purchase. But that argument is counter-intuitive at best and disingenuous at worst, since if the County paid less than it may have at trial then it benefited from the so-called "compulsion."

Perhaps compulsion, like beauty, is in the eye of the beholder. I shed no tears for any government that complains of

8

compulsion while simultaneously wielding the big stick of

condemnation.