PRESENT: All the Justices

JAMES M. RAMSEY, JR., ET AL.

v.  Record No. 140929

COMMISSIONER OF HIGHWAYS

OPINION BY
JUSTICE CLEO E. POWELL
APRIL 16, 2015

FROM THE CIRCUIT COURT FOR THE CITY OF VIRGINIA BEACH
William R. O'Brien, Judge

James M. Ramsey, Jr. and Janet D. Ramsey ("landowners") appeal from a final order entered April 21, 2014 in a condemnation proceeding instituted against them by the Commissioner of Highways ("Commissioner").

I.  BACKGROUND

In 2009, the Commissioner sought to acquire a .387-acre portion of landowners' property to facilitate road improvements to Route 264 in the City of Virginia Beach, Virginia.  Before making an offer, the Commissioner ordered an appraisal of the property as outlined in Code §§ 25.1-204 and -417.  Thomas M. Savage ("Savage") completed this appraisal on August 24, 2009, valuing the entire property before acquisition at $500,000, and just compensation for the to-be acquired portion, including damages, at $246,292.  The Commissioner then attempted to purchase the property directly from the landowners, but was unsuccessful.

On December 7, 2009, the Commissioner filed a Certificate of Take with the trial court, certifying that the Commissioner

deposited $248,707 with the clerk of court as the Commissioner's estimated fair value of the property sought to be acquired. The landowners withdrew the money from the clerk of court. On June 4, 2010, the Commissioner filed a Petition in Condemnation, seeking an order confirming that the title to the desired portion of property vested in the Commonwealth, and requesting that a jury ascertain the value of the property.

The Commissioner hired Lawrence J. Colorito, Jr. ("Colorito") to conduct a second appraisal of the property because Savage had retired. Colorito completed his appraisal on September 5, 2012. He testified as an expert witness at trial February 10-11, 2014. Colorito assessed the market value of the landowners' property at $250,000 and just compensation for the acquired portion, including damages, at $92,127. Due to the fact that the Virginia Department of Transportation ("VDOT") had already completed the improvements to Route 264 on the property, Colorito adopted a $3,000 value of landscaping from Savage's appraisal into his own appraisal.

During trial, the landowners sought to have Savage's appraisal admitted into evidence. The trial court denied admission of the appraisal, but allowed limited cross-examination of Colorito regarding the existence of Savage's appraisal and Colorito's adoption of the landscaping value from Savage's appraisal. Landowners proffered testimony that the

only places in the Savage appraisal where the $3,000 figure appeared were on pages 2 and 32. Notably, the pages also contained Savage's determination that the value of the land was $7 per square foot and that total estimated market value of the property to be acquired was $246,292. The trial court excluded these pages from evidence.

Also during trial, the landowners proffered that the Commissioner gave them the Savage appraisal showing that their entire property was valued at $500,000. The landowners proffered that the appraisal was given to them prior to the Commissioner making an offer to purchase a portion of the property. The landowners claimed that the Savage appraisal was a pre-condemnation statement, and should be admissible as an admission by the Commissioner. The Commissioner argued that the Savage appraisal was made as part of an attempt to compromise during settlement negotiations and, as such, was inadmissible.

The trial court held that the Savage appraisal was an offer to settle and was not admissible as a party admission or otherwise. The trial court noted that the legislature's intent in statutorily requiring disclosure of the information prior to a taking was to encourage settlement and evidence related to settlement discussions is inadmissible at trial.

The jury report found just compensation for the landowners' property to be $234,032. The landowners filed their exceptions

3

to the jury's report.  The trial court then issued a final order confirming the jury report, holding that title in the relevant portion of the landowners' real estate vested in the Commonwealth, and ordering the landowners to repay the Commissioner $14,675, plus 3% interest from January 7, 2011. This appeal followed.

## II.  ANALYSIS

On appeal, the landowners contend the trial court erred in refusing to admit oral and written evidence of the property value as determined in the Savage appraisal.  The landowners assert that the trial court erroneously treated the Savage appraisal as part of the actual offer.  The landowners rely on the fact that the Savage appraisal was completed before any offer was made by the Commissioner to purchase the property and before the Commissioner filed the Certificate of Take with the trial court.

"'Generally, we review a trial court's decision to admit or exclude evidence using an abuse of discretion standard and, on appeal, will not disturb a trial court's decision . . . absent a finding of abuse of that discretion.'"  Dean v. Board of County Supervisors, 281 Va. 536, 540, 708 S.E.2d 830, 832 (2011) (quoting Avent v. Commonwealth, 279 Va. 175, 197, 688 S.E.2d 244, 256 (2010)).  However, the issue raised by the landowners is essentially a matter of statutory construction which we

4

review de novo.  Hale v. Board of Zoning Appeals, 277 Va. 250, 269, 673 S.E.2d 170, 179 (2009).  "[U]nder settled principles of statutory construction, we are bound by the plain meaning of the statutory language."  Id.

In an eminent domain proceeding, a condemnor must make "a bona fide but ineffectual effort to purchase from the owner the property to be condemned."  Code § 25.1-204(A).  "Before initiating negotiations for real property, the state agency shall establish an amount which it believes to be just compensation therefor and shall make a prompt offer to acquire the property for the full amount so established."  Code § 25.1-204(E)(1)(emphasis added).[1]  "Real property shall be appraised before the initiation of negotiations. . . ."  Code § 25.1-417(A)(2)(emphasis added).

The record demonstrates that the landowners were given the Savage appraisal, showing that the value of their entire property was $500,000, prior to the time any offer to purchase was made and/or settlement negotiations were initiated.  The landowners rely on United States v. 320.0 Acres of Land, 605 F.2d 762 (5th Cir. 1979) for the proposition that the Savage appraisal was admissible into evidence as pre-condemnation party

---

[1] Code § 25.1-204 was amended in 2011.  2011 Acts ch. 117. We apply the former version of the Code section to this case as the Certificate of Take and the Petition in Condemnation were filed prior to the effective date of the revisions to Code § 25.1-204.

5

admissions by the Commissioner.  In 320.0 Acres of Land, the landowners sought to introduce into evidence the 42 U.S.C. § 4651[2] statements of just compensation given to them by the Federal agency seeking to condemn their property.  The Fifth Circuit noted that the § 4651 statements were admissible because "[t]echnically, at the time the statements are provided, there is no disputed claim, and hence no settlement negotiations of a disputed claim."  320.0 Acres of Land, 605 F.2d at 824-25.  The Fifth Circuit held that "if § 4651 statements of just compensation are provided a prospective condemnee, they are admissible at a subsequent compensation trial as an admission, once it becomes known that at trial the Government is valuing the property at a lower figure."  Id. at 825.  See also Department of Transp. v. Frankenlust Lutheran Congregation, 711 N.W.2d 453, 462 (Mich. Ct. App. 2006)("[A] landowner may, if the condemning authority seeks to establish a lower valuation for the property at trial, introduce evidence of the higher, precondemnation valuation for the purpose of rebutting the authority's lower valuation.").  We agree with this logic, which is consistent with the language adopted by the General Assembly.

In the present case, the Savage appraisal was prepared "before the initiation of negotiations" as required by the plain

---

[2] Code § 25.1-417 closely resembles 42 U.S.C. § 4651 which provides, in pertinent part, that "(2) Real property shall be appraised before the initiation of negotiations. . . ."

6

language of Code § 25.1-417(2). The landowners were given the fair market value figure of $500,000 from the pre-settlement Savage appraisal prior to the Commissioner's offer to purchase and prior to the beginning of settlement negotiations. The plain language of Code § 33.2-1023(H) also supports the logic that the appraisal is admissible. While Code § 33.2-1023(H) bars the admission into evidence of any amount deposited with the trial court with a Certificate of Take, nothing in Code §§ 25.1-204 or -417 bars the admission of the fair market value of the entire property determination in the pre-settlement appraisal. Had the General Assembly intended to exclude such evidence, it could have plainly said as much.

Relying on Ryan v. Davis, 201 Va. 79, 109 S.E.2d 409 (1959) and Duncan v. State Highway Comm'n, 142 Va. 135, 128 S.E. 546 (1925), the Commissioner argues that the Savage appraisal is inadmissible because the offer to purchase the property and the Certificate of Take amounts both came from that appraisal. Our interpretation and application of the pertinent statutes in this case is not inconsistent with our previous holdings in Ryan and Duncan. Both of those cases focused on the inadmissibility of offers to purchase at trial. "[O]ffers made by the condemning party to the owner are in the nature of an attempt to compromise and cannot be proved." Ryan, 201 Va. at 84, 109 S.E.2d 413-14 (citing Duncan, 142 at 141, 128 S.E. at 548). Neither Ryan nor

7

Duncan addressed the admissibility of a pre-settlement appraisal of a property's fair market value.

The Commissioner further asserts that admission of the Savage appraisal would be too prejudicial. We disagree. "All relevant evidence is admissible. . . ." Va. R. Evid. 2:402(a). However, "[e]vidence that is factually relevant may be excluded from the jury's consideration if the probative value of that evidence is substantially outweighed by the danger of unfair prejudice." Gamache v. Allen, 268 Va. 222, 227, 601 S.E.2d 598, 601 (2004). Here, the $500,000 fair market value for the entire property contained in Savage's pre-settlement appraisal was relevant evidence that was not unfairly prejudicial.

The purpose of the eminent domain procedure is to compensate landowners for the value of the property the Commissioner seeks to condemn.

> "Compensation should be awarded upon the basis of the most advantageous and valuable use of the land, or, stated differently, its highest and best use, having regard to the existing business demands of the community or such as may reasonably be expected in the near future. Compensation must be a full and perfect equivalent for the property."

Appalachian Power Co. v. Anderson, 212 Va. 705, 708, 187 S.E.2d 148, 152 (1972) (citing Appalachian Elec. Power Co. v. Gorman, 191 Va. 344, 354, 61 S.E.2d 33, 38 (1950)). The probative value of the fact that the Savage appraisal valued the entire property

8

at twice the amount at which Colorito valued the property outweighs any prejudice to the Commissioner. "Permitting the landowner to dispute a condemning authority's contention of a lower value at trial . . . 'will serve as a limited [and wholly appropriate] check on the broad powers of the State in condemnation proceedings.'" Frankenlust Lutheran Congregation, 711 N.W.2d at 462 (alterations in original) (quoting Thomas v. State, 410 So. 2d 3, 4 (Ala. 1981)). "[A]s recognized by the court in 320.0 Acres, [605 F.2d] at 825, 'as [is] generally true of all admissions, [the condemning authority's precondemnation determination of value] is not binding, and the Government is free to explain [at trial] why it now believes its earlier appraisal to be inaccurate.'" Id. at 461 (alterations in original).

Accordingly, the trial court erred in finding that the Commissioner's statement valuing the property at $500,000 was an offer to settle and, as such, was inadmissible at trial. Our holding is limited to the issue of whether the eminent domain statutes forbid admission of otherwise admissible evidence of value like the evidence proffered in this case. Given the trial court's contrary holding, it found it unnecessary to address whether the proffered evidence was admissible under the Virginia

9

Rules of Evidence.[3]  We, too, find it unnecessary because we cannot speculate concerning how the landowners may seek to introduce evidence of value on remand.  Because we hold the trial court erred, we need not address appellant's remaining issues.

III.  Conclusion

For the foregoing reasons, we will reverse the judgment of the trial court and we will remand the matter for further proceedings.

<u>Reversed and remanded.</u>

---

[3] On remand for retrial, the trial court should apply applicable rules of evidence to any proffered evidence.